IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,<br><br>             Plaintiff,<br><br>     v.<br><br>ANTHONY KORNRUMPF, a/k/a TONY KORNRUMPF; and HOOPS ENTERPRISE, LLC,<br><br>             Defendants.<br>_____/<br>HOOPS ENTERPRISE, LLC,<br><br>             Counter-Claimant,<br><br>     v.<br><br>ADOBE SYSTEMS INCORPORATED,<br><br>             Counter-Defendant,<br><br>     and<br><br>SOFTWARE AND INFORMATION INDUSTRY ASSOCIATION,<br><br>             Third-Party Defendant.<br>_____/ | No. C 10-02769 CW<br><br>ORDER GRANTING ADOBE SYSTEMS INCORPORATED AND SOFTWARE & INFORMATION INDUSTRY ASSOCIATION'S MOTION TO DISMISS HOOPS ENTERPRISE, LLC'S CLAIMS (Docket No. 34) |

Plaintiff and Counter-Defendant Adobe Systems Incorporated and Third-Party Defendant Software and Information Industry Association (SIIA) move to dismiss the claims of Defendant and Counter-Claimant Hoops Enterprise, LLC. Hoops and Defendant Anthony Kornrumpf oppose the motion. The motion was taken under submission on the papers. Having considered the papers submitted by the parties, the Court GRANTS Adobe and SIIA's motion.

BACKGROUND

Adobe, a California corporation, initiated this copyright and trademark infringement lawsuit on June 24, 2010. It alleges that Defendants are Tennessee residents and that they use, among other services, the Internet auction site eBay to offer for sale and sell Adobe software.[1] Adobe avers that it has not licensed Defendants to make or distribute copies of its software. Adobe also pleads that Defendants use, without a license, images similar or identical to Adobe trademarks as part of their online business. Adobe seeks relief pursuant to the Copyright Act, 17 U.S.C. §§ 101, et seq., and the Lanham Act, 15 U.S.C. §§ 1501, et seq.

On September 3, 2010, Defendants filed an amended answer, which includes a defense of copyright misuse.[2] Am. Answer ¶ 23. In addition, Hoops filed counterclaims against Adobe and claims against third-party Defendant SIIA[3] for copyright misuse and a violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200, et seq. Hoops alleges that SIIA is a trade association for the software industry which enforces copyrights on behalf of its members, such as Adobe. Hoops avers that Adobe and

---

[1] Adobe's original claimed named only Kornrumpf as a Defendant. However, in November, 2010, Adobe filed an amended complaint naming Hoops as a Defendant, along with a stipulation deeming the amended complaint to be filed on June 24, 2010. (Docket No. 33.)

[2] In the stipulation noted above, the parties deemed Hoops and Kornrumpf's amended answer to be filed on September 3, 2010. (Docket No. 33.)

[3] For brevity, the Court hereinafter collectively refers to Hoops's counterclaims against Adobe and claims against third-party Defendant SIIA as "claims."

2

SIIA misuse Adobe's copyrights by attempting to extend their protections beyond those granted under the Copyright Act. In particular, Hoops alleges that Adobe's and SIIA's conduct impermissibly expands Adobe's copyrights beyond the limits imposed by the first sale doctrine, as codified in 17 U.S.C. § 109. This conduct includes suing "small, independent software re-sellers such as Hoops, who purchase and re-sell Adobe software products." Hoops Countercl. ¶ 12. Hoops further avers that Adobe's and SIIA's conduct constitutes unfair competition and is intended to eliminate the "secondary sales market" in which Hoops and other software re-sellers operate. Hoops Countercl. ¶¶ 15-16. Hoops seeks compensatory and declaratory relief based on its claims.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009)

1  (citing Twombly, 550 U.S. at 555).

2  When granting a motion to dismiss, the court is generally
3  required to grant the plaintiff leave to amend, even if no request
4  to amend the pleading was made, unless amendment would be futile.
5  Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911
6  F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment
7  would be futile, the court examines whether the complaint could be
8  amended to cure the defect requiring dismissal "without
9  contradicting any of the allegations of [the] original complaint."
10 Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).
11 Leave to amend should be liberally granted, but an amended
12 complaint cannot allege facts inconsistent with the challenged
13 pleading. Id. at 296-97.

14                              DISCUSSION
15 I.   Copyright Misuse Claims

16 The equitable doctrine of copyright misuse "forbids a
17 copyright holder from 'secur[ing] an exclusive right or limited
18 monopoly not granted by the Copyright Office.'" A&M Records, Inc.
19 v. Napster, Inc., 239 F.3d 1004, 1026 (9th Cir. 2001) (quoting
20 Lasercomb Am., Inc. v. Reynolds, 911 F.2d 970, 977-79 (4th Cir.
21 1990)). The doctrine "prevents copyright holders from leveraging
22 their limited monopoly to allow them control of areas outside the
23 monopoly." A&M Records, 239 F.3d at 1026. Copyright misuse "does
24 not invalidate a copyright, but precludes its enforcement during
25 the period of misuse." Practice Mgmt. Info. Corp. v. Am. Med.
26 Ass'n, 121 F.3d 516, 520 n.9 (9th Cir. 1997) (citation and internal
27 quotation marks omitted).

28

4

Hoops's copyright misuse claims, premised on the theory that Adobe and SIIA have attempted to control the distribution of copyrighted Adobe software products beyond their first sale in contravention of the first sale doctrine, suffer from numerous defects.

    A.    Compensatory Damages and Declaratory Relief for Copyright Misuse

Hoops does not identify any authority granting it a right of action for damages arising from Adobe's and SIIA's alleged misuse of Adobe's copyrights. Other district courts have concluded that no legal authority supports an award of damages for copyright misuse. See, e.g., Ticketmaster L.L.C. v. RMG Techs., Inc., 536 F. Supp. 2d 1191, 1199 (C.D. Cal. 2008) (dismissing with prejudice claim for damages for misuse of copyright, noting that it is "an affirmative defense to a claim for copyright infringement"); Online Policy Group v. Diebold, Inc., 337 F. Supp. 2d 1195, 1199 n.4 (N.D. Cal. 2004) (finding no legal authority "that allows an affirmative claim for damages for copyright misuse"). Because it cannot be cured by amendment, the Court dismisses with prejudice Hoops's request for damages for copyright misuse.

Nor does Hoops articulate any authority for its request for a declaration of copyright misuse. Hoops did not cite any provision of the Copyright Act affirmatively providing such relief. Thus, the Court presumes Hoops seeks a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a). If an actual case or controversy exists, a court has discretion to assert jurisdiction over a declaratory judgment claim. Gov't Employees

5

Ins. Co. v. Dizol, 133 F.3d 1220, 1222-23 (9th Cir. 1998). In determining whether it should exercise its discretion, a court weighs various factors, including whether the claim would generate duplicative litigation. Id. at 1225.

Adobe argues that, in light of its copyright infringement claim, Hoops's copyright misuse counterclaim for declaratory relief is inappropriate. The Ninth Circuit has not opined directly on the propriety of declaratory relief for copyright misuse in cases where a copyright holder has asserted a claim of copyright infringement.[4] It is true that the court has referred to copyright misuse as a defense. See, e.g., Altera Corp. v. Clear Logic, Inc., 424 F.3d 1079, 1090 (9th Cir. 2005); A&M Records, Inc., 239 F.3d at 1026. However, the court has never foreclosed asserting the doctrine through a counterclaim for declaratory relief.

District courts within the circuit have reached disparate conclusions. In Ticketmaster, the court dismissed with prejudice a counterclaim for declaratory relief for copyright misuse, reasoning that litigating a counterclaim and an affirmative defense of copyright misuse would be duplicative. 536 F. Supp. 2d at 1199; see also Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 269 F. Supp. 2d 1213, 1225-27 (C.D. Cal. 2003). In contrast, the court in Apple Inc. v. Psystar Corp. opined that a counterclaimant "may well have a legitimate interest in establishing misuse independent of"

---

[4] However, courts have entertained declaratory relief claims for copyright misuse in cases where a copyright holder has not asserted claims of copyright infringement. See, e.g., Practice Mgmt., 121 F.3d at 520-21; Open Source Yoga Unity v. Choudhury, 2005 WL 756558 (N.D. Cal.). Such cases are distinguishable because, here, Adobe has sued for copyright infringement.

6

1 its need to defend an infringement claim "to clarify the risks it
2 confronts by marketing the products at issue . . . or others it may
3 wish to develop."  2009 WL 303046, at *2 (N.D. Cal.).  Also, the
4 Apple court noted, "misuse would bar enforcement (for the period of
5 misuse) not only as to defendants who are actually a party to the
6 challenged license but also as to potential defendants not
7 themselves injured by the misuse who may have similar interests."
8 Id.  The Apple court expressly disagreed with the holdings in
9 Ticketmaster and Metro-Goldwyn-Mayer.  Id. at *3.

Although there may be circumstances that justify providing declaratory relief on a counterclaim for copyright misuse, Hoops has not presented them here.  As explained below, Hoops's allegations, even if true, do not establish that Adobe engaged in copyright misuse.

With respect to SIIA, Hoops has not asserted a counterclaim, but rather a claim against a third-party Defendant that does not assert a copyright infringement claim in this action.  However, Hoops has not established that a declaration of copyright misuse against SIIA would be appropriate.  Hoops alleges only that SIIA is an agent of Adobe; the association does not apparently own any of the copyrights being asserted against Hoops.  Because a declaration of misuse could disable Adobe's copyrights for the period of misuse, Adobe, not SIIA, appears to be the appropriate party against which declaratory relief could be sought.  Further, as is the case with Adobe, Hoops's allegations do not suggest that SIIA engaged in copyright misuse.

For these reasons and those below, Hoops's claims for

7

copyright misuse, to the extent they rest on a request for declaratory relief, are dismissed with leave to amend. Although the Court doubts that Hoops can justify the exercise of the Court's discretion to provide such relief, the Court cannot be certain that it is futile. In any amended pleading, Hoops must also justify the grounds for declaratory relief against SIIA.

B.  First Sale Doctrine

A copyright holder has the exclusive right to "distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106(3). The first sale doctrine enables an "'owner of a particular copy' of a copyrighted work to sell or dispose of his copy without the copyright owner's authorization." Vernor v. Autodesk, Inc., 621 F.3d 1102, 1107 (9th Cir. 2010) (quoting 17 U.S.C. § 109(a)). The doctrine "does not apply to a person who possesses a copy of the copyrighted work without owning it, such as a licensee." Vernor, 621 F.3d at 1107 (citing 17 U.S.C. § 109(d)).

"Notwithstanding its distinctive name, the doctrine applies not only when a copy is first sold, but when a copy is given away or title is otherwise transferred without the accouterments of a sale." UMG Recordings v. Augusto, ___ F.3d ___, 2011 WL 9399, at *3 (9th Cir.) (citations omitted). However, "not every transfer of possession of a copy transfers title." Id. at *4. For instance, in the context of computer software, "copyright owners may create licensing arrangements so that users acquire only a license to use the particular copy of software and do not acquire title that permits further transfer or sale of that copy without the

8

permission of the copyright owner." Id.

In Vernor, a declaratory judgment action, the Ninth Circuit addressed the resale of copyrighted software on eBay. 621 F.3d at 1103. There, Vernor sought a declaration that he did not infringe the copyright of Autodesk, a software company. Id. Vernor had purchased copies of Autodesk's software from Cardwell/Thomas & Associates (CTA), one of Autodesk's direct customers, and then attempted to resell them on eBay. Id. CTA had obtained the copies under a software license agreement, which imposed significant restrictions on their transfer and use. Id. at 1104. Based on this agreement, the Ninth Circuit rejected Vernor's assertion of the first sale doctrine, concluding that neither he nor CTA were owners of the particular copies. Id. at 1111. The court reasoned that CTA was only a licensee and that Autodesk retained title to the software. Id.

Here, Hoops does not plead any facts to suggest that it owned any of the particular copies of Adobe software that it resold or that it obtained the copies from entities that had owned them. Nor does Hoops allege that Adobe ever sold, gave away or transferred title to the particular copies of the software at issue. Hoops avers that it resold Adobe products it "purchased from third party intermediary distributors," Hoops Countercl. ¶ 8, but offers no facts regarding under what terms these distributors obtained the copies. Although it maintains that these copies did not infringe "Adobe's right of reproduction," id., Hoops says nothing about Adobe's right of distribution, to which the first sale doctrine applies.

In lieu of addressing these defects, Hoops offers an unpersuasive argument that it has not sold Adobe's copyrighted work but rather sold discs containing copies of that work. This attempted distinction illuminates the flaw in Hoops's theory. Adobe does not allege that Hoops unlawfully transferred ownership of Adobe's copyrighted software. It alleges that Hoops and Kornrumpf sold copies of Adobe's software in violation of Adobe's exclusive distribution right. To avail itself of the first sale doctrine, Hoops must demonstrate that it owned the copies of the Adobe software it resold; it is irrelevant whether Hoops owned the discs on which the copies were stored. A copyright attaches to an original work of authorship, not the particular medium in which it was initially fixed.

Hoops appears to argue that <u>Vernor</u> is distinguishable because that case involved a license agreement. However, Hoops's allegations are not sufficient to determine whether <u>Vernor</u> is analogous; as noted above, Hoops offers no insight into the circumstances under which it obtained the copies of Adobe software.

Finally, Hoops alleges that Adobe and SIIA misuse Adobe's copyrights because their conduct attempts to hamper competition by eliminating the secondary market of copies of Adobe software. However, because Hoops has not established that it, or any other re-seller, sold copies subject to the first sale doctrine, this allegation is unavailing. It is not a misuse of copyright to dismantle a market of allegedly infringing copies of software.

Thus, Hoops fails to allege any facts to suggest Adobe or SIIA engaged in copyright misuse. For this reason and those stated

10

above, Hoops's copyright misuse claims for declaratory relief are dismissed with leave to amend.

## II. Claims for Violations of California's Unfair Competition Law

The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The UCL incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000). Violation of almost any federal, state or local law may serve as the basis for a UCL claim. Saunders v. Superior Court, 27 Cal. App. 4th 832, 838-39 (1994). In addition, a business practice may be "unfair or fraudulent in violation of the UCL even if the practice does not violate any law." Olszewski v. Scripps Health, 30 Cal. 4th 798, 827 (2003).

Hoops does not plead clearly under which prong of the UCL its claims arise. However, it does not allege that Adobe or SIIA violated a federal, state or local law or committed fraud. Thus, Hoops's counterclaim appears to arise under the unfair prong of the UCL. In UCL actions involving claims of unfair conduct by a competitor, a plaintiff must plead that "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." Cel-Tech Commun's, Inc. v. L.A. Cellular Telephone Co., 20 Cal. 4th 163, 187 (1999).

Although Hoops alleges that Adobe and SIIA are attempting to harm competition by eliminating the resale market, this allegation

11

is unavailing. As noted above, Hoops has not alleged facts to suggest that Adobe and SIIA are not lawfully enforcing Adobe's copyrights. Lawful enforcement of valid copyrights does not constitute unfair competition.

Accordingly, Hoops's UCL claims are dismissed with leave to amend to plead a cognizable violation of the UCL.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Adobe and SIIA's motion to dismiss. (Docket No. 34.) Hoops's request for damages based on its copyright misuse claims is dismissed with prejudice. Hoops's copyright misuse claims for declaratory relief and its UCL claims are dismissed with leave to amend. Hoops must plead facts that justify the exercise of the Court's discretion to hear declaratory relief claims against Adobe and SIIA and that suggest Adobe and SIIA engaged in copyright misuse and violated California's UCL.

If it intends to file an amended pleading, Hoops shall do so within fourteen days of the date of this Order. If Hoops does so, Adobe and SIIA shall answer or file a motion to dismiss twenty-one days thereafter. If Adobe and SIIA move to dismiss, Hoops's opposition shall be due fourteen days after the motion is filed. Any reply shall be due seven days after that. The motion will be taken under submission on the papers.

IT IS SO ORDERED.

Dated: 1/19/2011

CLAUDIA WILKEN
United States District Judge