UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, | No. C-10-02769-CW (DMR) |
| Plaintiff, | **ORDER RE DEFENDANTS' MOTIONS TO QUASH SUBPOENAS** |
| v. | |
| ANTHONY KORNRUMPF, HOOPS ENTERPRISE, LLC, et al. | |
| Defendants. | |

Plaintiff ADOBE Systems Incorporated ("ADOBE") served third-party subpoenas on PayPal, eBay and Google seeking account and transactional information relating to Defendants Kornrumpf and Hoops Enterprises' ("Defendants") accounts with those three entities. Defendants moved to quash the subpoenas. The Court ordered the parties to meet and confer and submit a joint letter setting forth any remaining discovery disputes. The parties were able to reach agreement on many issues, but submitted several to the Court for resolution through a December 22, 2010 joint letter. *See* Docket No. 40.

The Court conducted a telephonic hearing on January 20, 2011, at which both sides were given the opportunity to present argument. Defendants' Motions are **GRANTED IN PART.** This Order summarizes the Court's rulings made during the course of the hearing.

*Scope of the Subpoenas*:

The PayPal subpoena shall be limited as follows:

- All FIT pages for the associated accounts created after April 2, 2009;
- All FIT pages that reflect changes to associated accounts since April 2, 2009;
- Transaction logs for all associated accounts reflecting transactions involving ADOBE products since June 19, 2009 to the present; and
- Activity logs for all associated accounts since June 19, 2009 to the present.

The eBay subpoena shall be limited as follows:

- All account registration information and changes that have occurred;
- All payments to eBay to create any accounts, or payments made to eBay since June 19, 2009 to the present;
- All transaction/listing records reflecting transactions or listings involving ADOBE products since June 19, 2009 to the present; and
- Emails to and from eBay and HOOPS responsive to a list of keywords to include ADOBE product names in addition to those listed in the subpoena since June 19, 2009 to the present.

The Google subpoena shall be limited as follows:

- All account registration information and changes that have occurred;
- All payments to Google to create any accounts, or payments made to Google since June 19, 2009 to the present;
- All transaction/listing records reflecting transactions or listings involving ADOBE products since June 19, 2009 to the present; and
- Emails to and from Google and HOOPS responsive to a list of keywords to include ADOBE product names in addition to those listed in the subpoena since June 19, 2009 to the present.

Counsel for Defendants represented that Defendants do not intend to use the non-ADOBE transactions for any purpose in this case. Should Defendants later decide to use such information, Defendants may be barred from doing so if failure to inform ADOBE of their decision in a timely manner, and/or failure to provide the non-ADOBE transactions to ADOBE in a timely manner, results in prejudice to ADOBE.

*Procedures for Redaction, Production and Assertion of Privilege*:

ADOBE shall modify the subpoenas to conform with this order, and shall serve the new subpoenas on the three entities.

The parties shall meet and confer to create a list of keyword searches intended to identify transactions involving ADOBE products.

PayPal, eBay and Google shall produce the responsive documents to Defendants.

Defendants shall review the records and redact transactions that are not related to ADOBE products, using the keyword search list generated by the parties. Defendants may also redact records for which Defendants assert a claim of privilege. The redacted records must be produced to ADOBE no later than ten (10) business days from Defendants' receipt of the responsive documents from each of the subpoenaed entities. Defendants shall have fifteen (15) business days from receipt of the responsive documents from each of the subpoenaed entities to produce a detailed privilege log that conforms with Judge Ryu's Standing Order. These deadlines may be extended for good cause.

Defendants shall provide ADOBE with a reasonable opportunity to examine all unredacted, non-privileged records and perform searches on such records in order to confirm that the redactions were properly made. ADOBE may not receive a copy of the unredacted records, nor may it take notes regarding the unredacted records except to note any problems with the redactions that it wishes to raise with Defendants, and if necessary, with the Court.

IT IS SO ORDERED.

Dated: January 21, 2011

DONNA M. RYU
United States Magistrate Judge