J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone:    (818) 500-3200
Facsimile:    (818) 500-3201

Attorneys for Plaintiff and Counter-Defendant
Adobe Systems Incorporated


John D. McCurdy, Esq. (SBN 54091)
*jmccurdy@jmll.com*
Reagan E. Boyce, Esq.  (SBN 248064)
*reagan.boyce@jmll.com*
McCurdy & Leibl, LLP
12925 Riverside Drive, Third Floor
Sherman Oaks, California 91423
Telephone:    (818) 380-0123
Facsimile:    (818) 380-0124

Attorney for Defendants and Counter-Plaintiffs
Hoops Enterprise, LLC and Tony Kornrumpf

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| Adobe Systems Incorporated,         ) | Case No.: C10-2769 CW (DMRx) |
|                                     ) | |
|                          Plaintiff, ) | **STIPULATED PROTECTIVE** |
|     v.                              ) | **ORDER; ORDER** |
|                                     ) | |
| Tony Kornrumpf, et al.,             ) | Honorable Judge Claudia Wilken |
|                                     ) | |
|                         Defendants. ) | |
|_____) | |
|                                     ) | |
|       ALL RELATED CLAIMS            ) | |
|_____) | |

STIPULATED PROTECTIVE ORDER

It is stipulated and agreed by and between Plaintiff/Counter-Defendant Adobe Systems, Inc. and Defendants/Counter-Plaintiffs Hoops Enterprise, LLC and Tony Kornrumpf, by and through their respective counsel of record, (hereinafter singularly "Party" or collectively (the Parties"), that the terms and conditions of this Stipulated Protective Order shall govern the handling of documents, answers to interrogatories, depositions, pleadings, exhibits, and all other information exchanged by the Parties in this action. Disclosure and discovery activity in this action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending or the resolution of this litigation is warranted. The Parties acknowledge that this Order does not confer blanket protections on all disclosures, productions or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under applicable legal principles to treatment as confidential. The Parties further acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the Court to file material under seal.

It is ORDERED as follows:

1.   This Order shall govern:

   a.   all testimony at depositions, pre-trial hearings, and at trial;

   b.   all documents, information, materials or things produced by any Party or third-party in response to discovery requests and subpoenas, under the Federal Rules of Civil Procedure, or otherwise;

   c.   all copies, abstracts, excerpts, analyses, summaries, or other materials (written, electronic, or in other form) that contain, reflect, or disclose information contained in such testimony, documents, or other materials.

The items listed in (a)-(c) above shall be referred to as "Discovery Materials."

STIPULATED PROTECTIVE ORDER | 1

2. Any Party to this litigation shall have the right to designate Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the terms of this Protective Order. Discovery Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" will be referred to as "Designated Materials." The Party making such designation will be deemed the "Designating Party." Any third-party producing documents pursuant to a subpoena or otherwise may designate Discovery Materials pursuant to this Protective Order only if an authorized representative of the producing third-party executes a written acknowledgment, substantially in the form of Exhibit 1 annexed to this Protective Order, that the non-party has reviewed a copy of the Protective Order, will comply with its terms, and will submit to the jurisdiction of this Court for adjudication of any dispute regarding that third-party's designations under the Protective Order. All designations must be made in good faith and on reasonable belief that the designation accurately reflects the definition of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials.

    a. Materials marked "CONFIDENTIAL" shall be those Discovery Materials, including any document, file, portion of file, transcribed testimony or other material that the Designating Party in good faith reasonably believes to comprise non-public, proprietary or confidential information (including but not limited to trade secrets[1], confidential research, or commercial information, such as costs, pricing, financial data, marketing plans and strategies, and any other confidential or proprietary information not shared or disclosed to third parties) of the Designating Party.

    b. Materials marked "HIGHLY CONFIDENTIAL" shall be those Discovery Materials, including any document, file, portion of file, transcribed testimony or other material that the Designating Party in good faith reasonably believes to comprise trade secrets, or other competitively sensitive confidential information, and

---

[1] Cal. Civil Code § 3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

STIPULATED PROTECTIVE ORDER    2

financial or other commercial information of the Designating Party, the disclosure of which would be likely to cause competitive harm.  Discovery Materials may only be designated "HIGHLY CONFIDENTIAL" if the Designating Party believes in good faith that designation as "CONFIDENTIAL" will not provide adequate protection.

    c. A Designating Party has the right to have persons present in the inspection room at all times during any inspection of Discovery Materials by counsel for the Party receiving the Discovery Materials (the "Receiving Party").  If the Designating Party does have a person present in the inspection room during inspection by counsel for the Receiving Party, another room nearby shall be set aside for counsel to confer.  In addition to counsel for the Receiving Party, the Receiving Party may also have present during any inspection of Discovery Materials individuals meeting the criteria set forth in Paragraphs 5(a), 5(b), 5(f) and 6, *infra*.  All Discovery Materials produced for inspection and the information contained therein shall be treated as "HIGHLY CONFIDENTIAL" prior to the receipt of copies of materials.  Upon receipt of copies, the designation indicated on the copy, if any, shall be the operative designation.

    3. Discovery Materials shall be used by the Receiving Party solely for the purpose of conducting this litigation, but not for any other purpose whatsoever.

    4. Information designated as "CONFIDENTIAL" shall be used by the Receiving Party solely for the purposes of litigation between the Parties, and may be disclosed only to the following persons:

    a. any employee or former employee of a Party to whom it is deemed necessary that the documents be shown for purposes of the litigation, provided that any such employee or former employee shall (i) be advised that they are subject to the terms of this protective order; and (ii) signs the acknowledgement in the form of Exhibit 1 attached to this Protective Order, before being provided Designated Materials;

    b. outside counsel for the respective Parties, and employees of and independent contractors for outside counsel that are engaged in work for such counsel necessary to assist in this litigation.  The term "outside counsel" shall mean the attorneys

STIPULATED PROTECTIVE ORDER   3

and their firms who have entered an appearance in this case. If any of the Parties seek to add additional law firms, it shall notify the opposing Party(ies) of the intended addition. The opposing Party(ies) shall have 10 days from the date of notification in which to object to the disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material to the intended additional law firm. If objection is timely made, no "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material may be disclosed to said law firm(s) unless otherwise agreed to by the Parties or ordered by the Court. Prior to disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material, the additional law firm shall acknowledge in writing that it is familiar with and agrees to comply with all provisions of this Protective Order;

        c.    experts or consultants retained for purposes of this litigation, but only to the extent necessary to: (a) prepare a written opinion, (b) prepare to testify in the Litigation, or (c) assist counsel in the prosecution or defense of the Litigation; provided that such expert or consultant (i) is using the "CONFIDENTIAL" material solely in connection with the Litigation, and (ii) signs the acknowledgement in the form of Exhibit 1 attached to this Protective Order before being provided "CONFIDENTIAL" materials;

        d.    witnesses in the course of deposition, hearing, or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the "CONFIDENTIAL" materials is necessary, and any person being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his examination with respect to the "CONFIDENTIAL" material is necessary in connection with such testimony; persons to whom "CONFIDENTIAL" materials are disclosed pursuant to this subparagraph must execute the acknowledgement in the form of Exhibit 1 attached to this Protective Order prior to being given "CONFIDENTIAL" materials; and may not be permitted to retain copies of the "CONFIDENTIAL" materials;

        e.    the author of the document and anyone shown on the document

STIPULATED PROTECTIVE ORDER | 4

as having received it in the ordinary course of business;

    f. court reporters and persons preparing transcripts of depositions;

    g. in-house lawyers for the respective Parties, and employees regularly engaged in clerical work for such in-house lawyers, provided that any such lawyers or employees thereof shall sign the Acknowledgement in the form of Exhibit 1 attached to this Protective Order before being provided "CONFIDENTIAL" materials;

    h. The records of Defendants Tony Kornrumpf and/or Hoops Enterprise, LLC relating to the purchase or sale of any of Plaintiff Adobe Systems Incorporated's products may be disclosed to Scott Bain of the Software & Information Industry Association subject to the terms of this protective order for the limited purpose of facilitating settlement of this action, provided that Mr. Bain executes a written acknowledgement, substantially in the form of Exhibit 1 attached hereto, attesting that he has reviewed a copy of this Protective Order, will comply with its terms in all respects and will submit to the jurisdiction of this Court for adjudication of any dispute about whether he has complied with the terms of this Protective Order.  Mr. Bain will not be permitted to keep copies of any documents provided pursuant to this paragraph 4(h).

    i. the Court, Court personnel, and jurors or potential jurors; and

    j. any other person only upon order of the Court or upon stipulation of the Designating Party, in writing or on the record of a deposition, or at a hearing or trial.

  5. Information designated as "HIGHLY CONFIDENTIAL" shall be used by the Receiving Party solely for the purposes of litigation between the Parties and may be disclosed only to the following persons:

    a. outside counsel for the respective Parties, and employees of and independent contractors for outside counsel engaged in work for such counsel necessary to assist in this action. The term "outside counsel" shall have the same meaning as defined in paragraph 4(b) above, and the same restrictions, terms and conditions set forth in paragraph 4(b) above shall apply equally to this paragraph 5(a);

STIPULATED PROTECTIVE ORDER   5

1         b.     experts or consultants retained for purposes of this litigation, but only to the extent necessary to: (a) prepare a written opinion, (b) prepare to testify in the Litigation, or (c) assist counsel in the prosecution or defense of the Litigation; provided that such expert or consultant (i) is using the "HIGHLY CONFIDENTIAL" material solely in connection with the Litigation, (ii) signs the Acknowledgement attached to this Protective Order before being provided "HIGHLY CONFIDENTIAL" materials, and (iii) complies with the requirements of Paragraph 6, *infra*;

        c.     the author of the document and anyone shown on the document as having received it in the ordinary course of business;

        d.     a current officer or director of the Designating Party for purposes of questioning the officer or director as a witness at a deposition, hearing, or trial, provided that (1) the "HIGHLY CONFIDENTIAL" materials to be shown the witness relate to the topics on which the witness has been demonstrated to have knowledge or has been designated as the person most knowledgeable by the Designating Party; (2) counsel for the Receiving Party provides counsel for the Designating Party advance notice of the intent to question the witness at his/her deposition regarding the "HIGHLY CONFIDENTIAL" materials, including a specific identification of the "HIGHLY CONFIDENTIAL" materials on which the witness is to be questioned; and (3) counsel for the Receiving Party provides counsel for the Designating Party no less than twenty-four (24) hours advance notice in writing, of the intent to question the witness at a hearing or at trial regarding the "HIGHLY CONFIDENTIAL" materials, including a specific identification of the "HIGHLY CONFIDENTIAL" materials on which the witness is to be questioned;

        e.     court reporters and persons preparing transcripts of depositions;

        f.     the Court, Court personnel, and jurors or potential jurors; and

        g.     any other person only upon order of the Court or upon stipulation of the Designating Party, in writing or on the record of a deposition, hearing or trial.

        h.     The records of Defendants Tony Kornrumpf and/or Hoops

STIPULATED PROTECTIVE ORDER     6

1  Enterprise, LLC relating to the purchase or sale of any of Plaintiff Adobe Systems
2  Incorporated's products may be disclosed to Scott Bain of the Software & Information
3  Industry Association subject to the terms of this protective order for the limited purpose of
4  facilitating settlement of this action, provided that Mr. Bain executes a written
5  acknowledgement, substantially in the form of Exhibit 1 attached hereto, attesting that he
6  has reviewed a copy of this Protective Order, will comply with its terms in all respects and
7  will submit to the jurisdiction of this Court for adjudication of any dispute about whether he
8  has complied with the terms of this Protective Order. Mr. Bain will not be permitted to
9  keep copies of any documents provided pursuant to this paragraph 5(h).

10         6.  Procedures for Approving Disclosure of ""HIGHLY
11  CONFIDENTIAL"" Material to Experts:

12         a.  Unless otherwise ordered by the Court or agreed to in writing
13  by the Designating Party, a Receiving Party that seeks to disclose to an Expert any
14  information or item that has been designated ""HIGHLY CONFIDENTIAL"" must first
15  make a written request to the Designating Party that (1) sets forth the full name of the
16  Expert and the city and state of his or her primary residence, (2) attaches a copy of the
17  Expert's current resume, (3) identifies the Expert's current employer(s), (4)
18  identifies each person or entity from whom the Expert has received compensation for
19  work in his or her areas of expertise or to whom the Expert has provided professional
20  services at any time during the preceding five years, and (5) identifies (by name and
21  number of the case, filing date, and location of court) any litigation in connection with
22  which the Expert has provided any professional services during the preceding five years.

23         b.  A Receiving Party that makes a request and provides the
24  information specified in the preceding paragraph may disclose Designated Materials
25  to the identified Expert unless, within seven court days of delivering the request, the
26  Receiving Party receives a written objection from the Designating Party. Any such
27  objection must set forth in detail the grounds on which it is based.

28         c.  A Receiving Party that receives a timely written objection must

STIPULATED PROTECTIVE ORDER | 7

meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Receiving Party seeking to make the disclosure to the Expert may file a motion seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the Receiving Party describes the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

        d.    In any such proceeding, the Designating Party shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Designated Materials to its Expert.

        7.    Persons who are authorized to review Designated Materials shall hold such materials in confidence and shall not disclose their contents, either verbally or in writing, to any person not otherwise authorized to receive such information under this Protective Order, or otherwise required by law. Copies of Designated Materials shall be made only to the extent necessary to facilitate permitted use under this Protective Order.

        8.    The recipient of Designated Materials provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information. Designated Materials shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of the Order, and labeled in the

same manner as the Designated Materials on which they are based.

9. In the event a Party deems it necessary to disclose any Materials designated as "CONFIDENTIAL" to any person not specified in paragraph 4, or to disclose any Material designated as "HIGHLY CONFIDENTIAL" to any person not specified in paragraph 5 (the "Proposed Disclosure"), that Party shall notify counsel for the Designating Party in writing of: (i) the Designated Materials it wishes to disclose, and (ii) the person or persons to whom such disclosure is to be made. The Proposed Disclosure shall not be made absent written permission of the Designating Party, unless the Party wishing to make the Proposed Disclosure obtains an order from the Court permitting the Proposed Disclosure. Counsel shall obtain from all persons to whom disclosures are made pursuant to this paragraph 9 a written acknowledgement, substantially in the form of Exhibit 1 attached hereto, that such person or persons have reviewed a copy of this Protective Order, will comply with its terms in all respects and will submit to the jurisdiction of this Court for adjudication of any dispute about whether such person or persons have complied with the terms of this Protective Order.

10. In the event of any inadvertent disclosure of attorney-client privileged information or information subject to the attorney work product doctrine or any other privilege, the Party making such inadvertent disclosure, after learning of such inadvertent disclosure, shall notify the Party to whom the inadvertent disclosure was made; the Party to whom the inadvertent disclosure was made shall then immediately return such material and all copies the Party made thereof. Also, in the event any Party hereto receives any document from another Party that upon its face is subject to the attorney-client privilege, attorney work product doctrine, or any other privilege, that Party shall immediately return such document and all copies the Party made thereof to the Party who produced the document.

11. Disclosing Parties shall designate Discovery Materials "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as follows:

a. In the case of documents, interrogatory answers, responses to

STIPULATED PROTECTIVE ORDER | 9

1   requests to admit, and the information contained therein, designation shall be made by
2   placing the following legend on every page of any such document prior to production:
3   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL;"

4               b.      In the case of depositions, designation of the portion of the
5   transcript (including exhibits) which contains Designated Materials shall be made by a
6   statement to such effect on the record in the course of the deposition or, upon review of such
7   transcript, by counsel for the Party to whose Designated Materials the deponent has had
8   access, which counsel shall designate within thirty (30) days after counsel's receipt of a
9   certified transcript from the court reporter.  If a portion of a deposition is designated as
10  Designated Materials before the deposition is transcribed, the transcript of the
11  "Designated Materials" shall be bound in a separate volume marked "CONFIDENTIAL"
12  or "HIGHLY CONFIDENTIAL" as appropriate. Any transcript or portion thereof so
13  designated shall not be produced by the court reporter of record to any non-party or
14  third party without the prior written consent of the Designating Party. If a portion of a
15  deposition is designated as Designated Materials during the course of a deposition,
16  counsel may request all persons, except persons entitled to receive Designated Materials
17  pursuant to this Protective Order, to leave the room while the deposition is proceeding
18  until completion of the answer or answers containing Designated Materials. If a portion of a
19  deposition is designated as Designated Materials after the deposition is transcribed,
20  counsel shall list on a separate piece of paper the numbers of the pages of the transcript
21  containing Designated Materials, inserting the list at the end of the transcript, and mailing
22  copies of the list to counsel for all Parties and the court reporter of record so that it may be
23  affixed to the face of the transcript and each copy thereof. Any transcript or portion thereof
24  so designated shall not be produced by the court reporter of record to any non-party or third
25  party without the prior written consent of the Designating Party.  The court reporter shall
26  also maintain the original transcript file appropriately marked as "HIGHLY
27  CONFIDENTIAL" or "CONFIDENTIAL" as designated by the Designating Party and shall
28  not produce further or additional copies to any Party, non-party or third party without the

STIPULATED PROTECTIVE ORDER | 10

prior written consent of the Designating Party. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as designated. If no designation is made within thirty (30) days after receipt of a certified transcript from the court reporter, the transcript shall be considered not to contain any Designated Materials;

  c. Transcripts of depositions or documentation produced in the action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. The Parties shall use their best efforts to include Designated Materials in Court filings only when absolutely necessary, and shall, to the extent possible, file redacted versions of sealed filings that redact any portions of those filings that contain or reflect Designated Materials. If a motion to seal is pending, any materials filed under seal shall remain under seal and shall not be disclosed to any person other than Court personnel, opposing counsel, and any other person permitted under the terms of this Protective Order to have access to the sealed materials until the Court has ruled on that motion. If the Court grants the motion to file under seal, the documents shall remain under seal and shall not be disclosed except as provided in this Protective Order or other Court Order. A complete, unredacted set of documents filed under seal shall be provided by the filing Party to opposing counsel.

  d. Any Designated Materials produced in a non-paper media (e.g. videotape, audiotape, computer disk, *etc.*) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." In the event a Receiving Party generates any "hard copy," transcription, or printout from any such designated non-paper media, such Party must stamp each page "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and the hard copy, transcription or printout shall be treated as it is designated.

  12. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or ""HIGHLY CONFIDENTIAL"" does not,

STIPULATED PROTECTIVE ORDER 11

1  standing alone, waive the Designating Party's right to secure protection under this Order
2  for such materials.  If the material is appropriately designated as "CONFIDENTIAL" or
3  ""HIGHLY CONFIDENTIAL"" after it was initially produced, the Receiving Party, on
4  timely notification of the designation, must make reasonable efforts to assure that the
5  Designated Materials are treated in accordance with the provisions of this Order.

6         13.    A Party shall not be obligated to challenge the propriety of a
7  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation at the time made,
8  and failure to do so shall not preclude a subsequent challenge thereto during the pendency
9  of this litigation.  In the event that any Party to this litigation disagrees at any stage of
10 these proceedings with such designation, such Party shall provide to the Designating Party
11 written notice of its disagreement with the designation.  The Parties shall first try to dispose
12 of such dispute in good faith on an informal basis.  If the dispute cannot be resolved within
13 fourteen (14) days or such shorter time as may be necessary in the circumstances after the
14 objection is received, the Party seeking to de-designate the information as
15 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may file a motion requesting that
16 this Court determine whether the disputed material shall be treated as "CONFIDENTIAL" or
17 "HIGHLY CONFIDENTIAL" under the Protective Order.  The burden of proving that
18 information has been properly designated as "CONFIDENTIAL" or "HIGHLY
19 CONFIDENTIAL" is on the Designating Party.  Discovery Material designated as
20 Designated Materials shall retain this status as well as its category of designation until such
21 time as either: (a) the Parties expressly agree otherwise in writing, or (b) the Court orders
22 otherwise, unless such order is stayed pending appellate review.

23        14.    In the event that any Designated Materials is used in any Court
24 proceeding in connection with this litigation (other than trial), it shall not lose its
25 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" status through such use, and the
26 Parties shall take all steps reasonably required to protect its confidentiality during such
27 use.

28        15.    In the event that the case proceeds to trial, any Designated Material

STIPULATED PROTECTIVE ORDER | 12

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" becomes public and will be presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

16. If Designated Materials are disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the Designating Party and, without prejudice to any other rights and remedies of the Parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

17. In the event any Receiving Party having possession, custody or control of any Discovery Materials provided by the Designating Party receives a subpoena or other process or order to produce in another legal proceeding the Discovery Materials, such Receiving Party shall notify counsel for the Designating Party of the subpoena or other process or order, furnish counsel for the Designating Party with a copy of said subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose interests may be affected. The Designating Party shall have the burden of defending against such subpoena, process or order. The Receiving Party shall be entitled to comply with the subpoena or other process or order except to the extent the Designating Party is successful in obtaining an order modifying or quashing the subpoena or other process or order.

18. Entering into, agreeing to, and/or producing or receiving information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or otherwise complying with the terms of this Protective Order shall not:

a. operate as an admission by any Party that any material designated by another Party or non-party actually contains or reflects trade secrets or other confidential information;

b. reduce in any way the rights of the Parties or non-parties from whom discovery may be sought to object to a request for discovery or to the production of

documents or materials that they may consider not subject to discovery or privileged from discovery;

   c. prejudice in any way the rights of any Party to object to the authenticity or admissibility of any document, materials, or testimony that is subject to this Protective Order;

   d. prejudice in any way the rights of any Party to seek a determination by the Court as to the appropriateness of a designation; and/or

   e. prevent the Parties from agreeing to alter or waive the protections or remedies provided in this Protective Order with respect to any particular Designated Materials or Discovery Materials, provided that such agreement, alteration, or waiver is in writing and signed by all Parties.

  19. This Stipulated Protective Order is without prejudice to the right of any Party to seek relief from the Court, upon good cause shown, from any of the provisions contained in the Stipulated Protective Order.

  20. This Stipulated Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, trade secret, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable law both foreign and domestic.

  21. Nothing contained herein shall preclude a producing entity from using his, her, or its own confidential information, documents, or materials in any manner he, she, or it sees fit, or from revealing such confidential information, documents, or materials to whomever he, she, or it chooses.

  22. After termination of this action, the restrictions on the communication and disclosure provided for herein shall continue to be binding upon the Parties and all other persons to whom Designated Materials or information contained therein have been communicated or disclosed pursuant to the provisions of this Order or any other Order of this Court. The Court shall retain continuing jurisdiction to enforce the terms of this

Protective Order.

23. All Designated Material subject to this Protective Order shall be returned to the Designating Parties or destroyed upon termination of this action. Termination of this action shall be taken and construed as the date forty-five (45) days following (a) the filing of a stipulated dismissal or the entry of a voluntary dismissal; (b) a final non-appealable order disposing of this case; or (c) the expiration of the time for any appeal. Upon such termination, counsel of record for the Receiving Party shall notify counsel for the Designating Party of compliance. Counsel for the Receiving Party shall make a reasonable effort to retrieve any documents or information subject to this Protective Order from any person to whom such information has been given, and shall notify counsel for the Designating Party of the failure to retrieve any such information.

24. Such information shall include descriptive detail of any document not returned or destroyed. Nothing in this paragraph shall preclude outside counsel from retaining after termination of this action one copy of (a) pleadings, motions, and memoranda filed with the Court; (b) correspondence, attorney notes, settlement related documents; and (c) deposition, hearing and trial transcripts and exhibits, provided, however, that such counsel may not disclose retained materials that contain Designated Materials to any other person and shall keep such retained materials in a manner reflecting their confidential nature.

///
///
///
///                           (Signature Page To Follow)
///
///
///
///

STIPULATED PROTECTIVE ORDER | 15

IT IS SO STIPULATED.

Dated: February 11, 2011                J. Andrew Coombs, A Professional Corp.


                                        By:  /s/ Annie S. Wang
                                              J. Andrew Coombs
                                              Annie S. Wang
                                        Attorneys for Plaintiff and Counter-Defendant Adobe Systems Incorporated


Dated: February 11, 2011                McCurdy & Leibl, LLP


                                        By:  /s/ Reagan E. Boyce
                                              John D. McCurdy, Esq.
                                              Reagan E. Boyce, Esq.
                                        Attorney for Defendants and Counter-Plaintiffs Hoops Enterprise, LLC and Tony Kornrumpf

STIPULATED PROTECTIVE ORDER                    16

# EXHIBIT 1
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of **ADOBE SYSTEMS INCORPORATED v. KORNRUMPF, et. al., Case No.: 10-CV-02769 CW (DMRx).** I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:_____

Printed name: _____
           [printed name]

Signature:_____

STIPULATED PROTECTIVE ORDER | 17 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# ORDER

FOR GOOD CAUSE SHOWN, the Stipulated Protective Order, filed concurrently herewith, is hereby entered.

Documents subject to this order may be filed under seal only by specific order of the Court. If a Party desires to file a document subject to this order under seal, the Party shall submit a stipulation signed by all Parties explaining specifically what documents are at issue and why they deserve heightened protection from disclosure. If the Parties are unable to reach a stipulation, the Party desiring the file under seal may submit an *ex parte* application, explaining both why the Court should allow the filing to be under seal and also why the Parties were unable to reach a stipulation. Only in exceptional circumstances will the Court allow briefs to be filed under seal.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  2/14/2011

_____
Honorable Judge Claudia Wilken
United States District Judge

STIPULATED PROTECTIVE ORDER | 18