1 | John D. McCurdy, Esq., State Bar No. 54091
2 | Reagan E. Boyce, Esq., State Bar No. 248064
McCURDY & LEIBL, LLP
3 | 12925 Riverside Drive, Third Floor
Sherman Oaks, California 91423
4 | Tel: (818) 380-0123
Fax: (818) 380-0124

Attorneys for Defendants / Counter-Claimants, Hoops Enterprise, LLC (erroneously sued and served as Tony Kornrumpf), and Anthony Kornrumpf

J. Andrew Coombs, Esq., State Bar No. 123881
Annie Wang, Esq., State Bar No. 243027
J. Andrew Coombs, A Professional Corp.
517 East Wilson Avenue, Suite 202
Glendale, CA 91206
Tel: (818) 500-3200
Fax: (818) 500-3201

Attorneys for Plaintiff / Counter-Defendant, Adobe Systems Incorporated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Adobe Systems Incorporated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Anthony Kornrumpf a/k/a Tony Kornrumpf and Does 1-10, Inclusive,<br><br>　　　　Defendants.<br>_____<br>And Related Actions.<br>_____ | Case No.:  CV1002769 CW (DMR)<br>[Assigned for All Purposes to:<br>Hon. Claudia Wilken, Courtroom 2]<br><br>**JOINT STIPULATION RE: PRODUCTION OF RECORDS BY THIRD PARTY CUSTODIAN OF RECORDS FOR CHANNEL ADVISOR; ORDER**<br>_____<br>Complaint Filed: 06/24/10 |

　　　　IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff/Counter-Defendant Adobe Systems Incorporated ("ADOBE") and Defendants/Counter-Plaintiffs Hoops Enterprise, LLC and Tony Kornrumpf,

1
**JOINT STIPULATION RE: PRODUCTION OF RECORDS BY THIRD PARTY
CUSTODIAN OF RECORDS FOR CHANNEL ADVISOR**

1  (collectively "HOOPS"), by and through their respective counsel of record,
2  (hereinafter singularly "PARTY" or collectively (the "PARTIES"), that the
3  Production of Records by Third Party Custodian of Records for Channel Advisor in
4  response to the subpoena served by ADOBE will be made pursuant to the terms and
5  conditions as set forth below.

6  WHEREAS ADOBE served Third Party Custodian of Records for Channel
7  Advisor with a subpoena on or about November 10, 2010, requiring the production of
8  records pertaining to accounts maintained in the name of HOOPS on November 22,
9  2010.

10  WHEREAS HOOPS filed and served a Motion to Quash the subpoena or in the
11  Alternative sought a Protective Order limiting the manner and subject of production of
12  records by Third Party Channel Advisor. Said motion was filed in the United States
13  District Court of North Carolina for the Eastern District on or about November 19,
14  2010.

15  WHEREAS ADOBE opposed the Motion to Quash filed and served by
16  HOOPS.

17  WHEREAS the District Court of North Carolina for the Eastern District denied
18  the Motion to Quash.

19  WHEREAS the PARTIES have continued to meet and confer regarding the
20  production of records by third parties, including Third Party Channel Advisor.

21  WHEREAS the District Court of California for the Northern District has issued
22  an order controlling the production of third party records produced by the Custodian
23  of Records for PayPal, Inc., Google, Inc., and eBay, Inc.

24  WHEREAS the parties have reached an agreement that the production of
25  records by Third Party Custodian of Records for Channel Advisor shall be made in the
26  same manner and pursuant to the same terms and conditions for production of records
27  set forth in the Order issued by the California District Court for the production of
28  records by Third Parties PayPal, Google and eBay.

1    WHEREFORE the PARTIES hereby stipulate and agree that the production of
2 records by Third Party Custodian of Records for Channel Advisor, in response to the
3 subpoena served by ADOBE shall be made as follows:

4    1) All records produced will be limited to the time period of June 19, 2009 to
5 the present.

6    2) All records will be produced only to counsel of record for Defendants /
7 Counter-Plaintiffs Tony Kornrumpf and Hoops Enterprise, LLC – McCurdy and
8 Leibl, LLP, Attention: Ms. Reagan E. Boyce, Esq., 12925 Riverside Drive, Third
9 Floor, Sherman Oaks, CA 91423 Tel: (818) 380-0123, Fax: (818) 380-0124.

10    3) The records produced in response to the Categories set forth in Exhibit "A"
11 to the subpoena shall be limited as follows:

12        A) All account registration information;

13        B) All payments to Channel Advisor to create any account, or payments
14 made to Channel Advisor since June 19, 2009 to the present;

15        C) All transaction/listing records reflecting transactions or listings since
16 June 19, 2009 to the present; and

17        D) Emails to and from Chanel Advisor and Tony Kornrumpf and / or
18 Hoops Enterprise, LLC since June 19, 2009 to the present.

19    4)    Counsel for HOOPS will then review all records produced by Channel
20 Advisor and redact out all non-ADOBE related records using a list of keywords
21 provided by counsel for ADOBE, in addition to those already listed in the subpoena.

22    5) Counsel for HOOPS has represented that HOOPS does not intend to use the
23 non-ADOBE transactions and/or information for any purpose in this case. Should
24 HOOPS later decide to use such information, Defendants may be barred from doing so
25 if failure to inform ADOBE of their decision in a timely manner, and/or failure to
26 provide the non-ADOBE transactions to ADOBE in a timely manner results in
27 prejudice to ADOBE. ADOBE may bring a motion to the Court to have such evidence
28 excluded on the basis of prejudice if it believes prejudice has occurred.

1   6) HOOPS shall review and redact transactions that are not related to ADOBE products, using the keyword list generated by PARTIES. HOOPS may also redact any information for which HOOPS assert a claim of privilege. The redacted records must be produced to counsel for ADOBE no later than ten (10) business days from HOOPS' receipt of the responsive records from Channel Advisor. HOOPS shall have fifteen (15) business days from receipt of the responsive documents to produce a detailed privilege log. These deadlines may be extended for good cause upon written agreement between the PARTIES.

7) Counsel for ADOBE shall have a reasonable opportunity to examine the unredacted, non-privileged records and to perform key word searches on such records in order to confirm that the redactions were properly made. ADOBE may not receive a copy of the unredacted records, nor may it take any notes regarding unredacted records except to note any problems with redactions that it wishes to raise with HOOPS, and if necessary the Court.

8) The PARTIES agree that any further disputes regarding the production, redaction or claim of privilege, or the review of records produced to counsel for HOOPS will be resolved by good faith and reasonable meet and confer voice to voice communications between counsel for the parties. Should the parties be unable to resolve any disputes regarding these records, including the issues of redaction, claims of privilege, or production of the records, the PARTIES agree that the District Court for California, Northern District shall have jurisdiction to resolve any remaining disputes.

9) The production of the Channel Advisor records by HOOPS to ADOBE shall be subject to and made pursuant to the terms and conditions set forth in the Stipulated Protective Order which has been filed with and entered by the Court in this matter.

///

///

///

10) Counsel for HOOPS shall notify third party Custodian of Records for Channel Advisor of the agreed upon terms and conditions under which the records subpoenaed are to be produced, and will request that third Party Channel Advisor provide written notice to counsel for ADOBE when such production has been made. IT IS SO STIPULATED.

DATED: February 24, 2011        McCURDY & LEIBL, LLP

By: ___/s/_Reagan E. Boyce_____
   John D. McCurdy, Esq.
   Reagan E. Boyce, Esq.
   Attorneys for Defendants / Counter-Claimants, HOOPS ENTERPRISE, LLC and ANTHONY KORNRUMPF

DATED: February 24, 2011        J. ANDREW COOMBS, APC

By: __/s/ Annie Wang_____
   J. Andrew Coombs, Esq.
   Annie Wang, Esq.
   Attorneys for Plaintiff/Counter-Defendant ADOBE SYSTEMS INCORPORATED

**ORDER**

FOR GOOD CAUSE SHOWN, the JOINT STIPULATION RE: PRODUCTION OF RECORDS BY THIRD PARTY CUSTODIAN OF RECORDS FOR CHANNEL ADVISOR, filed concurrently herewith, is hereby entered.

If any disputes arise regarding the Chanel Advisor record, including but not limited to any issues involving the production, redaction, review of, or assertion of a claim of privilege related to the subject records, the Parties are Ordered to meet and confer by voice to voice communication in a good faith effort to resolve said disputes. If after such good faith meet and confer efforts, the Parties are still unable to reach a resolution, the Parties may submit a Joint Letter to the Magistrate Judge assigned to this matter for all discovery disputes, Hon. Donna M. Ryu pursuant to her standing order.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: **3/1/2011**

_____
Honorable Judge Claudia Wilken
United States District Judge