UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, | No. C-10-02769-CW  (DMR) |
| Plaintiff, | **ORDER RE THE PARTIES' MAY 31, 2011 JOINT DISCOVERY LETTERS** |
| v. | |
| KORNRUMPF, *et al.*, | |
| Defendants. _____/ | |

Before the court are two joint discovery letters submitted by the parties on May 31, 2011. [Docket Nos. 65 ("Letter 1"), 66 ("Letter 2").]  In Letter 1, Plaintiff requests that the court compel Defendants to provide Plaintiff with their supplier information.  In Letter 2, Defendants ask the court to compel non-parties Dell, Inc. and Hewlett-Packard Co. to produce unredacted copies of their contracts with Plaintiff in response to Defendants' subpoenas because they believe that information contained within them will reveal whether Plaintiff sold or licensed its software to these third parties. (Letter 2 at 4-7.)  Plaintiff seeks to quash Defendants' subpoena to Fujitsu America as irrelevant because no evidence to date indicates that Defendants purchased any of Plaintiff's products from the company. (Letter 2 at 2.)  The court conducted a telephone hearing on July 21, 2011.  This order summarizes the rulings made by the court during that hearing.

**A. Defendants' Supplier Information**

Plaintiff seeks Defendants' supplier information because it wishes to determine if Defendants' suppliers are authorized distributors; to discover if Defendants or their suppliers are importing any goods, which Plaintiff argues would constitute infringement as a matter of law; to determine whether any of Plaintiff's authorized distributors are in violation of their licenses; and to "trace up the chain of distribution" to determine whether it should bring other parties into the litigation to dismantle a secondary market allegedly infringing on its copyrights. (Letter 1 at 1-2.) Moreover, Plaintiff states that it needs the information to counter Defendants' first sale doctrine[1] defense to alleged copyright infringement. (Letter 1 at 2-3.) Defendants oppose Plaintiff's request and assert that their supplier information constitutes a trade secret that they should not need disclose, because they fear irreparable harm to their business if Plaintiff acquires this information. (Letter 1 at 3-4.) They bolster this assertion, noting their counterclaim against Plaintiff for unfair business practices under California law. (Letter 1 at 3.) Further, Defendants contend that Plaintiff can use its products' SKU numbers to identify the vendor who initially purchased Plaintiff's products and, therefore, that Plaintiff does not require the supplier information to counter their first sale doctrine defense. (Letter at 4.)

The Federal Rules of Civil Procedure permit courts to order discovery of trade secrets[2] or other confidential commercial information in a manner that restricts disclosure, such as through a protective order, upon a showing of good cause. Fed. R. Civ. P. 26(c); *see Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 554 (C.D. Cal. 2007). The court must strike a balance between

---

[1] A defendant may invoke the first sale doctrine, *see* 17 U.S.C. § 109(a), as an affirmative defense against alleged copyright infringement. *Vernor v. Autodesk, Inc.*, 621 F.3d 1102, 1107 (9th Cir. 2010). Under the doctrine, "'the owner of a particular copy . . . lawfully made under [the Act], or any person authorized by such owner, is entitled, without the authority of the copyright owner, to sell or otherwise dispose of the possession of that copy.'" *UMG Recordings, Inc.*, 628 F.3d at 1179 (quoting § 109(a)) (brackets in original). The doctrine applies when a copy is first sold, given away, or otherwise transferred without the accouterments of sale. *Id.* Stated simply, "'[o]nce the copyright owner places a copyrighted item in the stream of commerce . . . , he has exhausted his exclusive statutory right to control its distribution.'" *Id.* (quoting *Quality King Distribs., Inc. v. L'anza Research Int'l, Inc.*, 523 U.S. 135, 152 (1998)).

[2] Courts repeatedly have found supplier lists to constitute confidential documents. *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 554 n.2 (C.D. Cal. 2007) (citations omitted).

the discovery-seeking party's entitlement to "all information reasonably calculated to lead to the discovery of admissible evidence," and the divulging party's need for protection from "undue burden . . . , including protection from misuse of trade secrets by competitors." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992) (citations & quotation marks omitted). In addition, the court should examine the discovery-seeking party's claims and whether it has "alternative discovery procedures" at its disposal to develop its case. *Id.*

Defendants have put their supplier information at issue by invoking the first sale doctrine and cannot hide behind the discovery rules to strategically buttress their defense. In addition, even if Defendants abandoned this affirmative defense, Plaintiff would have a right to the contested information due to its other claims. Moreover, contrary to Defendants' assertions, Plaintiff cannot use the SKU numbers of its software to determine the identities of Defendants' suppliers and, therefore, there is no reliable alternative for obtaining Defendants' supplier information. (*See generally* Balasubramanian Decl., July 20, 2011.) Finally, the parties are already subject to a protective order that limits the use of confidential information and adequately meets Defendants' concerns. The court therefore ORDERS that Defendants provide Plaintiff with their supplier information in accordance with the rules outlined in the existing protective order [Docket No. 54]. Defendants' supplier information shall be designated **highly confidential**, and the information **shall not be accessible to Plaintiff or the Software Information & Industry Association's** ("SIIA") **counsel**. Plaintiff retains the right to argue at a later date that the information be provided to SIIA.

**B. The Dell and Hewlett-Packard Subpoenas**

The court finds that portions of the contracts and other documents between Plaintiff and Dell, Inc. and Hewlett-Packard Co. likely will contain information showing whether Plaintiff sold or licensed its software to the two companies. *See also Vernor v. Autodesk, Inc.*, 621 F.3d 1102 (9th Cir. 2010) (establishing transactional factors that show whether product was sold or licensed). Recognizing that the documents contain sensitive information unrelated to this case, the court ORDERS that the documents be produced in accordance with the protocols previous established between the parties. [*See* Docket No. 49.] (*See* Letter 2 at 2.) Plaintiff shall first review the produced documents and redact information that it believes confidential, privileged, or irrelevant to

the first sale issue. No more than ten business days after receiving the documents, Plaintiff shall produce the redacted documents to Defendants. Plaintiff shall provide Defendants' counsel one otherwise unredacted copy of the documents so Defendants may assess whether the redactions are proper. However, Plaintiff need not reveal any financial, pricing, royalty, or similar information. Plaintiff shall create a detailed log of such information for Defendants no more than fifteen business days after receiving the contracts from the subpoenaed entities.

**C. The Fujitsu America Subpoena**

To determine the relevancy of Defendants' proposed subpoena upon Fujitsu America, the court ORDERS that Defendants immediately provide Plaintiff with a reasonable sample of SKU numbers from their inventory. Plaintiff shall to determine whether any of the products can be traced back to Fujitsu America and shall serve and file its conclusions with the Court by August 1, 2011.

IT IS SO ORDERED.

Dated: July 25, 2011



_____
DONNA M. RYU
United States Magistrate Judge

4