United States District Court

For the Northern District of California

1        IN THE UNITED STATES DISTRICT COURT

2      FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4  ADOBE SYSTEMS INCORPORATED,        No. C 10-02769 CW

5       Plaintiff,          ORDER GRANTING IN
                            PART AND DENYING

6    v.                       IN PART ADOBE
                            SYSTEMS

7  ANTHONY KORNRUMPF, a/k/a TONY     INCORPORATED'S
  KORNRUMPF; and HOOPS ENTERPRISE, LLC,  MOTION TO DISMISS

8                            AND DENYING
                            DEFENDANTS'

9       Defendants.         MOTION FOR A
                            PRELIMINARY

10 ─────────────────────────────────/    INJUNCTION
   AND ALL RELATED COUNTERCLAIMS        (Docket Nos. 55

11 ─────────────────────────────────/    and 68)

12

13     Plaintiff and Counterclaim-Defendant Adobe Systems

14  Incorporated moves to dismiss the counterclaims of Defendants and

15  Counter-Claimants Hoops Enterprise, LLC, and Anthony Kornrumpf

16  (collectively, Defendants).  Defendants oppose the motion and move

17  for a preliminary injunction.  Adobe's motion was taken under

18  submission on the papers; Defendants' motion will be decided on the

19  papers.  Having considered the papers submitted by the parties, the

20  Court GRANTS in part Adobe's motion to dismiss and DENIES it in

21  part and DENIES Defendants' motion for a preliminary injunction.

22                   BACKGROUND

23     Adobe, a California corporation, initiated this copyright and

24  trademark infringement lawsuit on June 24, 2010.  It alleges that

25  Defendants are Tennessee residents and that they use, among other

26  services, the Internet auction site eBay to offer for sale and sell

27  Adobe software.  Adobe avers that it has not licensed Defendants to

28

make or distribute copies of its software.  Adobe also pleads that Defendants use, without a license, images similar or identical to Adobe trademarks as part of their online business.  Adobe seeks relief pursuant to the Copyright Act, 17 U.S.C. §§ 101, et seq., and the Lanham Act, 15 U.S.C. §§ 1501, et seq.

Defendants counterclaim against Adobe for a declaratory judgment of copyright misuse and violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200, et seq.  In particular, Defendants contend that Adobe misuses its copyrights by asserting them in contravention of the first sale doctrine, as codified in 17 U.S.C. § 109.  Defendants also assert copyright misuse and the first sale doctrine as affirmative defenses.  Answer ¶¶ 10 and 23.

Defendants allege the following facts to support their assertion that Adobe made a "first sale" of its software.  Adobe distributes copies of its software through various channels.  As relevant here, Adobe provides copies to computer hardware manufacturers which, in turn, sell their hardware with Adobe software "as a package deal."  First Am. Countercls. (1AC) ¶ 11.  The manufacturers cannot return the software to Adobe, but can "re-sell the copy of software without limit to any individual or entity for any price."  Id.  "Adobe has no control over the means, method, or other terms of sale by the hardware manufacturer."  Id.  Purchasers of these manufacturers' hardware may not want the included Adobe software and, as a result, may sell the software to "independent re-sellers, such as Hoops."  Id. ¶ 26.

On January 19, 2011, the Court had dismissed Hoops's original

counterclaims against Adobe and the Software and Information Industry Association (SIIA).  Defendants then filed their current counterclaims, but do not bring claims against the SIIA.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

DISCUSSION

I.   Counterclaim for Declaratory Relief Based on Copyright Misuse

Defendants seek a declaration that Adobe engaged in copyright misuse by asserting its copyrights in violation of the first sale doctrine.  Adobe argues that this counterclaim should be dismissed because it is duplicative of Defendants' copyright misuse

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

affirmative defense.[1]

The Declaratory Judgment Act permits a federal court to "declare the rights and other legal relations" of parties to "a case of actual controversy."  28 U.S.C. § 2201; see Wickland Oil Terminals v. Asarco, Inc., 792 F.2d 887, 893 (9th Cir. 1986).  The "actual controversy" requirement of the Declaratory Judgment Act is the same as the "case or controversy" requirement of Article III of the United States Constitution.  Am. States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1993).

Under the Declaratory Judgment Act, a two-part test is used to determine whether jurisdiction over a claim for declaratory relief is appropriate.  Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005).  The court first must determine if an actual case or controversy exists within its jurisdiction.  Id.  If so, the court then must decide whether to exercise its jurisdiction. Id.  In doing so, the court may consider

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a res judicata advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems.  In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 n.5 (9th Cir. 2000) (citation and internal quotation marks omitted).

---

[1] In its reply, Adobe suggests that it does not move to dismiss this counterclaim on the ground that Defendants fail to allege sufficient facts.  Reply at 2 n.2.

4

Several courts have recognized that a counterclaim for declaratory relief based on copyright misuse may be brought against a plaintiff who has claimed copyright infringement. See, e.g., Adobe Sys. Inc. v. Norwood, 2011 WL 845923, at *4-*5 (N.D. Cal.); Apple Inc. v. Psystar Corp., 2009 WL 303046, at *2 (N.D. Cal.). In Psystar, a manufacturer distributed computers that could run various operating systems, including Apple's Mac OS. 2009 WL 303046, at *1. Apple sued the manufacturer for copyright infringement. Id. The manufacturer moved to add a counterclaim for declaratory judgment of copyright misuse, asserting that Apple "improperly leveraged its Mac OS copyrights in order to gain exclusive rights with respect to Mac OS-compatible hardware systems not granted in the Mac OS copyrights." Id. The court granted the manufacturer's motion, reasoning that it "may well have a legitimate interest in establishing misuse independent of" resolving the copyright infringement claim, such as "to clarify the risks it confronts by marketing the products at issue in this case or others it may wish to develop." 2009 WL 303046, at *2. The court also noted that a copyright misuse counterclaim may be appropriate to provide relief for "potential defendants not themselves injured by the misuse who may have similar interests" as the counterclaiming defendant. Id. (citing Lasercomb Am., Inc. v. Reynolds, 911 F.2d 970, 979 (4th Cir. 1990)). In rendering its decision, the court expressly disagreed with other district courts that rejected copyright misuse counterclaims on the grounds that such claims are duplicative of affirmative defenses claiming the same and are a waste of judicial resources. Apple, 2009 WL 303046,

United States District Court
For the Northern District of California

at *3 (citing Ticketmaster LLC v. RMG Techs., Inc., 536 F. Supp. 2d 1191, 1199 (C.D. Cal 2008)).

Defendants do not present the circumstances raised in Apple, nor do they establish that their copyright misuse counterclaim is not duplicative of their copyright misuse affirmative defense. This case concerns only Defendants' sale of copies of Adobe software that were originally part of a "package deal" with hardware.  If Defendants prevail on the merits on their affirmative defense of copyright misuse, they will obtain a decision on the lawfulness of selling software they obtained through the distribution channel at issue here.  Defendants do not identify any circumstance in which this ruling would be insufficient.  Unlike in Psystar, there is no suggestion that Defendants intend to sell another type of product for which success on their copyright misuse affirmative defense would be insufficient.

Defendants do not demonstrate how their counterclaim for declaratory relief would provide insight not afforded by adjudication of their copyright misuse defense.  Because a declaratory judgment of copyright misuse would not serve a useful purpose and Defendants' affirmative defense will afford them sufficient clarification of their rights, the Court declines to exercise its discretion to hear this counterclaim.

II.  Counterclaim for Violations of California's Unfair Competition Law

Defendants assert a counterclaim under California's UCL, alleging that Adobe misused its copyright by "wrongfully alleging infringement for conduct which is protected by 17 U.S.C. § 109."

6

United States District Court
For the Northern District of California

1AC ¶ 35.  Defendants contend that Adobe does so to limit

competition in the secondary software market.  Adobe contends that

such a claim is preempted by the Copyright Act.

The Copyright Act provides that "all legal or equitable rights

that are equivalent to any of the exclusive rights within the

general scope of copyright as specified by section 106 in works of

authorship that are fixed in a tangible medium of expression and

come within the subject matter of copyright as specified by

sections 102 and 103, whether created before or after that date and

whether published or unpublished, are governed exclusively by this

title."  17 U.S.C. § 301(a).  The Act does not preempt causes of

action arising under state law concerning "activities violating

legal or equitable rights that are not equivalent to any of the

exclusive rights within the general scope of copyright as specified

by section 106."  Id. § 301(b)(3).  Section 106 of the Copyright

Act enumerates exclusive rights provided to "the owner of

copyright."  Id. § 106.

As noted above, Defendants' UCL counterclaim implicates the

first sale doctrine, which is codified at 17 U.S.C. § 109.

Defendants do not assert that they are the owners of the copyrights

in the Adobe software and, as a result, they are not asserting

rights afforded by section 106.  The preemption provision of the

Copyright Act specifically indicates that it concerns only rights

specified in section 106.  See Baby Moose Drawings, Inc. v.

Valentine, 2011 WL 1258529, at *3 n.4 (C.D. Cal.) (declining to

determine whether section 109 preempts state law claim because "the

Copyright Act's preemption analysis only requires an examination of

the exclusive rights under 17 U.S.C. § 106"). Adobe identifies no authority indicating that state law claims concerning violation of the limits imposed by section 109 are preempted by the Copyright Act.

Based on the specificity of section 301, and applying the general "presumption against preemption," Nat'l Meat Ass'n v. Brown, 599 F.3d 1093, 1097 (9th Cir. 2010), Defendants' pleadings do not require a conclusion that their UCL counterclaim is preempted. Accordingly, Adobe's motion to dismiss this counterclaim must be denied.

II.   Defendants' Motion for a Preliminary Injunction

Defendants seek a preliminary injunction prohibiting Adobe from interfering with their business of selling copies of Adobe software on eBay.

To obtain a preliminary injunction, a movant "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S. Ct. 365, 374 (2008). Alternatively, "a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor," so long as the plaintiff demonstrates irreparable harm and shows that the injunction is in the public interest. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation and internal quotation and editing marks omitted).

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

A court employs a sliding scale when considering a plaintiff's showing as to the likelihood of success on the merits and the likelihood of irreparable harm.  Id.  "Under this approach, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another."  Id.

Defendants' counterclaims rest entirely on their assertion that the copies of Adobe software that they sold are subject to the first sale doctrine, which limits a copyright owner's rights under the Copyright Act.  The first sale doctrine enables an "'owner of a particular copy' of a copyrighted work to sell or dispose of his copy without the copyright owner's authorization."  Vernor v. Autodesk, Inc., 621 F.3d 1102, 1107 (9th Cir. 2010) (quoting 17 U.S.C. § 109(a)).  The doctrine "does not apply to a person who possesses a copy of the copyrighted work without owning it, such as a licensee."  Vernor, 621 F.3d at 1107 (citing 17 U.S.C. § 109(d)).  A "software user is a licensee rather than an owner of a copy where the copyright owner (1) specifies that the user is granted a license; (2) significantly restricts the user's ability to transfer the software; and (3) imposes notable use restrictions."  Vernor, 621 F.3d at 1111; see also UMG Recordings v. Augusto, 628 F.3d 1175, 1180 (9th Cir. 2011) (stating that, in the context of computer software, "copyright owners may create licensing arrangements so that users acquire only a license to use the particular copy of software and do not acquire title that permits further transfer or sale of that copy without the permission of the copyright owner").

United States District Court
For the Northern District of California

Defendants proffer evidence of a contract Adobe uses with hardware manufacturers for the distribution of its software.  See Boyce Decl. ¶ 15.  The contract states explicitly that Adobe provides only licenses to the manufacturer and that the manufacturer "shall not at any stage have title to the physical property or the Intellectual Property in the Software Products." Boyce Decl., Ex. E ¶ 12.3.  That Adobe explicitly states that hardware manufacturers do not acquire title to the software suggests that title did not pass to Defendants.  Vernor, 621 F.3d at 1112.  Thus, under Vernor, Defendants do not appear entitled to invoke the first sale doctrine.

Further, despite Vernor's guidance on what is necessary to invoke the first sale doctrine in the context of computer software, Defendants do not allege that the user restrictions enumerated by the Ninth Circuit are absent here.  And their conclusory allegations that the hardware manufacturers acquired title to the software are not entitled to any weight, particularly in light of contrary evidence.  Defendants' beliefs as to the legality of their conduct, on their own, are not sufficient to justify the entry of a preliminary injunction.

Because Defendants do not demonstrate a likelihood of success on the merits, they are not entitled to a preliminary injunction.

CONCLUSION

For the foregoing reasons, the Court GRANTS in part Adobe's motion to dismiss and DENIES it in part (Docket No. 55) and DENIES Defendants' motion for a preliminary injunction (Docket No. 68). The Court declines to exercise its discretion to hear Defendants'

10

counterclaim for declaratory relief.  In all other respects,

Adobe's motion is DENIED.

        IT IS SO ORDERED.


Dated: 7/25/2011

CLAUDIA WILKEN
United States District Judge