IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,<br><br>    Plaintiff,<br><br>  v.<br><br>HOOPS ENTERPRISE LLC, erroneously sued as ANTHONY KORNRUMPF,<br><br>    Defendant.<br>_____/<br>AND ALL RELATED CLAIMS<br>_____/ | No. C 10-2769 CW<br><br>ORDER GRANTING MOTION TO REMOVE INCORRECTLY FILED DOCUMENT AND GRANTING MOTION TO FILE UNDER SEAL (Docket Nos. 110 and 111) |

    On November 1, 2011, Plaintiff Adobe Systems Incorporated filed a Motion for a Preliminary Injunction against Defendants Anthony Kornrumpf, also known as Tony Kornrumpf, and Hoops Enterprise LLC (Docket No. 108). This motion was accompanied by certain supporting documents, including a document referred to as Exhibit E.

    On November 2, 2011, Plaintiff filed a motion seeking to remove the Motion for Preliminary Injunction and supporting documents from the docket. Plaintiff simultaneously re-filed the Motion for Preliminary Injunction without Exhibit E and filed a Motion to File Exhibit E under Seal. Plaintiff represented that it had been informed by Defendants that Exhibit E contained proprietary information, the disclosure of which would be detrimental to Defendants' business.

On November 3, 2011, Defendants filed a declaration in support of Plaintiff's motion to seal.  Defendants represented that Exhibit E is an errata sheet of corrections to a deposition transcript, certain entries of which were spelling corrections for names of Defendants' product suppliers.  Defendants represented that the names of their product suppliers and identifying information are trade secrets that they have zealously guarded and that are not generally known to the public or to their competitors.  Defendants also refer to a July 25, 2011 order, in which the Magistrate Judge had found that this information constituted trade secrets and was entitled to protection from public disclosure, while ordering disclosure to Plaintiff.

Because the public interest favors filing all court documents in the public record, any party seeking to file a document under seal must demonstrate good cause to do so.  <u>Pintos v. Pac. Creditors Ass'n</u>, 605 F.3d 665, 678 (9th Cir. 2010).  This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal.  <u>See</u> Civil Local Rule 79-5(a).

Defendants have provided good cause to seal Exhibit E. Accordingly, Plaintiff's motions to seal and to remove its original Motion for a Preliminary Injunction from the docket are GRANTED.

2

1     The clerk shall remove Docket No. 108 from the public record.
2 Within four days of the date of this Order, Plaintiff shall file
3 Exhibit E under seal, in accordance with General Order 62.
4     IT IS SO ORDERED.

6 Dated: 11/9/2011

                        CLAUDIA WILKEN
                        United States District Judge

**United States District Court**
For the Northern District of California