IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,<br><br>    Plaintiff,<br><br>  v.<br><br>HOOPS ENTERPRISE LLC; and ANTHONY KORNRUMPF,<br><br>    Defendants.<br>_____/<br>AND ALL RELATED CLAIMS<br>_____/ | No. C 10-2769 CW<br><br>ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION (Docket No. 133) |

    Defendants and Counter-claimants Hoops Enterprise, LLC, and Anthony Kornrumpf move for leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9(b)(3). Having considered the papers submitted by Defendants, the Court DENIES their motion.

## BACKGROUND

    On October 11, 2011, Defendants filed an administrative motion seeking an extension of the fact discovery deadline. In that motion, Defendants represented that they sought the extension to enforce the execution of subpoenas on certain third-party companies for copies of contracts relevant to their first sale doctrine affirmative defense and for depositions of individuals at some of these companies. Defendants also stated that they wanted to notice additional depositions of Adobe employees in relation to these contracts, which they were in the process of doing, and to

subpoena at least one additional non-party individual for deposition. After considering that motion and Adobe's opposition thereto, the Court issued an order extending the fact discovery deadline for the limited purpose of executing the third-party subpoenas already issued.

On November 7, 2011, Defendants Hoops Enterprise LLC and Anthony Kornrumpf filed a second administrative motion for an order extending the fact discovery deadline, again in order to notice and take depositions of Adobe employees. On December 1, 2011, after considering the second administrative motion and Adobe's opposition, the Court denied the motion and re-iterated that the first order had extended the fact discovery deadline only for the execution of subpoenas already served.

On December 1, 2011, Defendants filed a motion seeking leave to file a motion for reconsideration of this Court's order, stating that there had been a manifest failure by the Court to consider facts that showed that Plaintiff had caused the delay, that Defendants had acted diligently at all times, and that the denial of an extension of fact discovery would prejudice Defendants by denying them a fair trial on the merits.

LEGAL STANDARD

A party may only file a motion for reconsideration of an interlocutory order after obtaining leave of the Court. Civil Local Rule 7-9(a). Civil Local Rule 7-9(b) sets forth several showings that a party may make to support a motion for leave to file a motion for reconsideration, including: "A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such

2

1 interlocutory order." Civil Local Rule 7-9(b)(3). "No motion for
2 leave to file a motion for reconsideration may repeat any oral or
3 written argument made by the applying party in support of or in
4 opposition to the interlocutory order which the party now seeks to
5 have reconsidered." Civil Local Rule 7-9(c).

## DISCUSSION

Defendants have only repeated the written arguments that they already made in support of their two administrative motions seeking an extension of the fact discovery deadline, which is impermissible under Civil Local Rule 7-9(c). This alone is sufficient for the denial of their motion.

Defendants have also not demonstrated that there has been a manifest failure of the Court to consider these arguments. Instead, the Court considered Defendants' arguments when they were originally offered and declined to order a broad extension of the fact discovery deadline at that time.

Defendants have not demonstrated that they acted diligently to comply with this Court's scheduling order. While Defendants are correct that some delay occurred while the magistrate judge considered Plaintiff's opposition to their third-party subpoenas for documents, Defendants have not proffered any explanation for their initial delay in serving these subpoenas.

Defendants also have not demonstrated that the denial of the ability to take depositions of Plaintiff's employees and agents would prejudice them. In the instant motion, Defendants state that the depositions are necessary to their preparation of their defense and counter-claim; however, in their administrative motions and supporting affidavits, they made clear that they

3

believe that the depositions are relevant to the preparation of their first sale defense.  The first sale doctrine "allows the 'owner of a particular copy' of a copyrighted work to sell or dispose of his copy without the copyright owner's authorization." Vernor v. Autodesk, Inc., 621 F.3d 1102, 1107 (9th Cir. 2010) (citing 17 U.S.C. § 109(a)).  It "does not apply to a person who possesses a copy of the copyrighted work without owning it, such as a licensee."  Id. (citing 17 U.S.C. § 109(d)).  The Ninth Circuit has held that "a software user is a licensee rather than an owner of a copy where the copyright owner (1) specifies that the user is granted a license; (2) significantly restricts the user's ability to transfer the software;  and (3) imposes notable use restrictions."  Id. at 1111.  Defendants have not demonstrated that the additional depositions are relevant to making this determination, which can be done by looking to the contracts themselves.  This Court's prior order already extended the fact discovery deadline in order to allow Defendants to obtain these documents.

    Accordingly, the Court DENIES Defendants' motion for leave to file a motion for reconsideration (Docket No. 133).

    IT IS SO ORDERED.

Dated: 12/14/2011

CLAUDIA WILKEN
United States District Judge