UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,<br><br>        Plaintiff(s),<br><br>    v.<br><br>KORNRUMPF,<br><br>        Defendant(s).<br>_____/ | No. C-10-02769-CW  (DMR)<br><br>**ORDER RE PARTIES' JOINT DISCOVERY LETTER OF JANUARY 31, 2012** |

The court is in receipt of the parties' joint discovery letter of January 31, 2012.  [Docket No. 159 ("Letter").]  The parties' dispute concerns Defendants outstanding third party deposition subpoenas for Dell, Inc. and Hewlett-Packard Co., which the parties have attached to the Letter. [*See* Docket No. 159 Ex. A.]  This matter may be determined without oral argument.  Civil L.R. 7-1(b).  For the reasons stated below, Plaintiff's motion is denied.

Plaintiff brought this copyright action against Defendants on June 24, 2010.  [*See* Docket No. 1.]  Defendants have sought to raise as an affirmative defense the first sale doctrine, which allows owners of copies of copyrighted works to resell their copies without restriction.  On October 19, 2011, the court granted Defendants' request to extend the discovery cutoff for the subpoenas at issue so that Defendants could procure more information to support their first sale doctrine defense. [Docket No. 107; *see* Docket No. 104.]  On December 15, 2011, Plaintiff moved for partial summary judgment on, *inter alia*, the inapplicability of the first sale doctrine defense to this matter.  [Docket

No. 135.] The court granted the motion on February 1, 2012, ruling that the doctrine did not apply. [Docket No. 160.] Plaintiff now requests that the court quash Defendants' subpoenas as "irrelevant, harassing and burdensome in light of the District Court's ruling that the first sale doctrine does not apply in this case." (Letter 2.) Defendants retort that their subpoenas should proceed because the new information gleaned from the depositions will compel the District Court to reconsider its summary judgment ruling. (Letter 3-4.)

In the joint letter, Defendants appear to concede that the discovery sought through the deposition subpoenas would be relevant only to the first sale doctrine defense. Defendants had ample time before the District Court ruled on Plaintiff's motion for partial summary judgment to conduct the depositions they now seeks. They even obtained a discovery period extension for this specific purpose. Nevertheless, Defendants neither exercised due diligence to take the depositions nor raised an argument pursuant to Federal Rule of Civil Procedure Rule 56(d) to have Plaintiff's partial summary judgment motion continued or denied so that Defendants could obtain essential facts to justify their opposition. [*See* Docket No. 141.] Under these circumstances, the court finds proposed depositions untimely, *cf. Gofron v. Picsel Techs., Inc.*, 804 F. Supp. 2d 1030, 1039-40 (N.D. Cal. 2011), and ORDERS Defendants' subpoenas QUASHED.

IT IS SO ORDERED.

Dated: February 10, 2012



DONNA M. RYU
United States Magistrate Judge

2