IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,<br><br>    Plaintiff,<br><br>  v.<br><br>HOOPS ENTERPRISE LLC; and ANTHONY KORNRUMPF,<br><br>    Defendants.<br>_____/<br>AND ALL RELATED CLAIMS<br>_____/ | No. C 10-2769 CW<br><br>ORDER DENYING DEFENDANTS' MOTION TO STAY<br>(Docket No. 167)<br><br>Ninth Circuit Court of Appeals Case No. 12-15341 |

    Defendants Anthony Kornrumpf and Hoops Enterprise, LLC seek to stay proceedings in this Court pending resolution of their appeal of this Court's order granting Plaintiff Adobe Systems Inc.'s motion for partial summary judgment on the issue of the first sale doctrine. Adobe has filed a response to Defendants' motion. Having considered the papers filed by the parties, the Court takes Defendants' motion under submission and DENIES it.

BACKGROUND

    Because the background of this case is set forth in detail in the Court's Order of February 1, 2012, the Court repeats here only facts necessary to decide the instant motion.

    On February 1, 2012, this Court granted Adobe's motion for partial summary judgment, finding the first sale defense inapplicable and adjudicating Defendants' remaining counterclaim in Adobe's favor. This Order did not dispose of Adobe's claims against Defendants for copyright and trademark infringement.

1  Defendants did not request, and the Court did not enter, a partial
2  judgment under Federal Rule of Civil Procedure 54(b).
3     On February 17, 2012, Defendants appealed the February 1,
4  2012 Order to the Ninth Circuit Court of Appeals. Defendants did
5  not seek, and this Court did not grant, certification of its Order
6  for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).
7     On March 12, 2012, the Ninth Circuit issued an order, noting
8  that this Court's February 1, 2012 Order did not dispose of the
9  action as to all claims and all parties, and requiring Defendants
10 to show cause why their appeal should not be dismissed for lack of
11 jurisdiction. Docket No. 4, Adobe Sys. v. Kornrumpf, Case No.
12 12-15341 (9th Cir.).

LEGAL STANDARD

A stay is not a matter of right, even if irreparable injury might otherwise result." Nken v. Holder, 129 S. Ct. 1749, 1760 (2009) (citation and internal quotation marks omitted). Instead, it is "an exercise of judicial discretion," and "the propriety of its issue is dependent upon the circumstances of the particular case." Id. (citation and internal quotation and alteration marks omitted). The party seeking a stay bears the burden of justifying the exercise of that discretion. Id.

"A party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest."[1] Humane

---

[1] An alternative to this standard is the "substantial questions" test, which requires the moving party to demonstrate "serious questions going to the merits and a hardship balance that tips sharply towards the plaintiff," along with a "likelihood of

2

1  Soc. of U.S. v. Gutierrez, 558 F.3d 896, 896 (9th Cir. 2009); see
2  also Perry v. Schwarzenegger, 702 F. Supp. 2d 1132, 1135 (N.D.
3  Cal. 2010).  The first two factors of this standard "are the most
4  critical."  Nken, 129 S. Ct. at 1761.

## DISCUSSION

Defendants do not address the requirement that they demonstrate a likelihood of success on the merits of their appeal or the existence of serious questions going to the merits of it. The Court finds that they have not met their burden to make this threshold showing.

It is unlikely that Defendants will be able to establish that interlocutory review of the February 1, 2012 Order is available. Appellate review is limited, with certain exceptions, to "'final decisions' of the district courts."  Solis v. Jasmine Hall Care Homes, Inc., 610 F.3d 541, 543 (9th Cir. 2010) (citing 28 U.S.C. § 1291).  "A 'final decisio[n]' is typically one 'by which a district court disassociates itself from a case.'"  Mohawk Indus., Inc. v. Carpenter, 130 S. Ct. 599, 604-05 (2009) (quoting Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 42 (1995)).  "It is axiomatic that orders granting partial summary judgment, because they do not dispose of all claims, are not final appealable orders under section 1291."  Cheng v. Commissioner, 878 F.2d 306, 309 (9th Cir. 1989).  See also Chacon v. Babcock, 640 F.2d 221, 222 (9th Cir. 1981) ("Without a Rule 54(b) certification, orders granting partial summary judgment are non-final.").

---

irreparable injury."  Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1053 (9th Cir. 2010) (internal quotation marks omitted); see also Golden Gate Rest. Ass'n v. City & Cnty. of S.F., 512 F.3d 1112, 1116 (9th Cir. 2008).

3

Here, many issues remain before this Court, including the issue of Defendants' liability on Plaintiff's claims. As noted above, this Court has not certified its February 1, 2012 order for interlocutory appeal under 28 U.S.C. § 1292(b) and it has not entered partial judgment under Federal Rule of Civil Procedure 54(b). As Defendants admit in their motion to stay, "[a]lmost the entire case remains to be tried" before this Court. Mot. at 7. Defendants have also not identified any exceptions to the limitation on appellate review that might apply in this case. While Defendants state that they can appeal because the Order disposed of their remaining counterclaim, Defendants cite no authority in support of this proposition, and the Ninth Circuit has repeatedly recognized that any remaining claims in a case generally preclude appellate review. See, e.g., Sahni v. Lujan, 961 F.2d 217 (9th Cir. 1992) (recognizing that unresolved counterclaims or cross-claims ordinarily make a decision non-final); United California Bank v. Fadel, 482 F.2d 274, 275-276 (9th Cir. 1973) (holding that, absent certification under Rule 54(b), appellate jurisdiction was lacking over an order dismissing the appellant's sole cross-claim, when other claims in the case remained before the district court). Indeed, the Ninth Circuit has already recognized that the February 1, 2012 Order did not dispose of all claims and all parties in this action, and has ordered Defendants to show cause why their appeal should not be dismissed.

In addition to jurisdictional issues, Defendants have presented no argument that they are likely to succeed on the substance of their appeal. In the February 1, 2012 Order, the

4

Court found that the evidence provided established that Adobe licenses, rather than sells, its Original Equipment Manufacturer (OEM) software, rendering the first sale defense unavailable to Defendants. See Vernor v. Autodesk, Inc., 621 F.3d 1102, 1106-07 (9th Cir. 2010). The Court also found that the first sale doctrine does not apply to the Adobe OEM software that was manufactured abroad. See Omega S.A. v. Costco Wholesale Corp., 541 F.3d 982, 985 (9th Cir. 2008). Defendants have identified no errors purportedly made by this Court in either its factual findings or legal conclusions.

Because Defendants have not made any showing that they are likely to succeed on the merits of their appeal, the Court need not compare the hardships involved in the granting or denial of the stay or address the balance of equities. See Mount Graham Coalition v. Thomas, 89 F.3d 554, 558 (9th Cir. 1996).

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendants' motion to stay pending appeal (Docket No. 167). In particular, as ordered by the Court at the January 19, 2012 hearing, before trial commences the parties shall attend in good faith a settlement conference with a Magistrate Judge, which is currently scheduled to take place on April 5, 2012. See Docket Nos. 157 and 158.

IT IS SO ORDERED.

Dated: 3/14/2012

CLAUDIA WILKEN
United States District Judge

cc: Ninth Circuit Court of Appeals