IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,<br><br>    Plaintiff,<br><br>  v.<br><br>HOOPS ENTERPRISE LLC; and ANTHONY KORNRUMPF,<br><br>    Defendants.<br>_____/<br><br>AND ALL RELATED CLAIMS<br>_____/ | No. C 10-2769 CW<br><br>ORDER DENYING DEFENDANTS' MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL AND FOR ENTRY OF PARTIAL JUDGMENT<br>(Docket No. 171)<br><br>Ninth Circuit Court of Appeals Case No. 12-15341 |

Defendants Anthony Kornrumpf and Hoops Enterprise, LLC move this Court to certify for interlocutory appeal its February 1, 2012 order granting Plaintiff Adobe Systems Inc.'s motion for partial summary judgment. Defendants also seek entry of partial judgment under Federal Rule of Civil Procedure 54(b) on its counterclaim for unfair business practices.

## DISCUSSION

On February 1, 2012, this Court granted Adobe's motion for partial summary judgment, finding the first sale defense inapplicable. The Court also adjudicated Defendants' remaining counterclaim for unfair business practices, which was also based on the first sale doctrine, in Adobe's favor. This Order did not dispose of Adobe's claims against Defendants for copyright and trademark infringement.

Pursuant to Title 28 U.S.C. § 1292(b), the district court may certify an appeal of an interlocutory order if (1) the order involves a controlling question of law, (2) appealing the order may materially advance the ultimate termination of the litigation, and (3) there is substantial ground for difference of opinion as to the question of law. See also Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 687-88 (9th Cir. 2011) ("A non-final order may be certified for interlocutory appeal where it 'involves a controlling question of law as to which there is substantial ground for a difference of opinion' and where 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'") (citing § 1292(b)).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). Thus, the court should apply the statute's requirements strictly, and should grant a motion for certification only when exceptional circumstances warrant it. Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978). The party seeking certification to appeal an interlocutory order has the burden of establishing the existence of such exceptional circumstances. Id. A court has substantial discretion in deciding whether to grant a party's motion for certification. Brown v. Oneonta, 916 F. Supp. 176, 180 (N.D.N.Y. 1996), rev'd in part on other grounds, 106 F.3d 1125 (2d. Cir. 1997).

In the February 1, 2012 Order, the Court found that the evidence provided established that Adobe licenses, rather than sells, its Original Equipment Manufacturer (OEM) software,

2

rendering the first sale defense unavailable to Defendants. See Vernor v. Autodesk, Inc., 621 F.3d 1102, 1106-07 (9th Cir. 2010) (setting forth the test to determine whether a computer software user is a licensee rather than an owner of a copy of the software). The Court also found that the first sale doctrine does not apply to the Adobe OEM software that was manufactured abroad. See Omega S.A. v. Costco Wholesale Corp., 541 F.3d 982, 985 (9th Cir. 2008).

Defendants fail to establish that there is substantial ground for difference of opinion as to the applicability of the Vernor test. Defendants argue that, instead of Vernor, the Ninth Circuit's opinion in UMG Recordings, Inc. v. Agosto, 628 F.3d 1175 (9th Cir. 2011), should control. As this Court noted in the February 1, 2012 order, in UMG Recordings, the Ninth Circuit held that a music company transferred ownership of copies of a promotional CD when it shipped the CDs to recipients, with no prior agreement or request by the recipients to receive the CDs. 628 F.3d at 1182-83. The court specifically distinguished the Vernor test that "applies in terms to software users who order and pay to acquire copies," and "are in a very different position from that held by the recipients of UMG's promotional CDs." Id. at 1183. While Defendants attempt to equate the OEM computer software here with the unsolicited promotional music CDs in UMG Recordings instead of with the computer software in Vernor, Defendants present no convincing argument that there are substantial grounds for a difference of opinion as to this point. Defendants also fail to argue that the Court improperly cited or applied the elements of the Vernor test or that these elements

3

require consideration of Adobe's conduct implementing its contracts, in addition to the terms of the agreements themselves.

Further, Defendants do not establish that this question would be controlling. "While Congress did not specifically define what it meant by 'controlling,' the legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982). In In re Cement, the Ninth Circuit declined to consider an interlocutory appeal of a district judge's order of recusal because "review involves nothing as fundamental as the determination of who are the necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or local law should be applied." Id. Defendants do not challenge this Court's other conclusions, including that Adobe maintains far more control over the distribution of its software than the music company did in UMG Recordings, and that the first sale doctrine does not apply to the Adobe OEM software that is manufactured abroad. Thus, Defendants have not demonstrated a controlling question of law.

Finally, Defendants fail to establish that an interlocutory appeal would materially advance the ultimate termination of the litigation. Efficiency for both the parties and the Court would be served by proceeding with trial on Adobe's claims before any appeal is taken. The trial in this matter will be relatively short and is scheduled to take place soon, on June 18, 2012, after which an appeal can proceed as to all issues in the case simultaneously. Allowing an interlocutory appeal at this stage

4

would require the parties to file briefing in the appeal while simultaneously finishing pretrial preparations and proceeding through trial. Preventing such hardship through a stay would ultimately delay resolution of this case for a substantial amount of time, because it is improbable that an appeal would be completed prior to the scheduled trial. See Shurance v. Planning Control International, Inc., 839 F.2d 1347, 1348 (9th Cir. 1988) (finding this factor not met where interlocutory appeal would have the effect of delaying trial).

Because Defendants have failed to establish that exceptional circumstances exist warranting interlocutory appeal, the Court declines to certify its prior order for such an appeal.

Defendants also seek entry of a partial final judgment, based on Federal Rule of Civil Procedure 54(b), on the adjudication against them of their counterclaim for unfair business practices. "Rule 54(b) provides that '[w]hen more than one claim for relief is presented in an action, . . . the court may direct entry of final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.'" Wood v. GCC Bend, LLC, 422 F.3d 873, 877 (9th Cir. 2005) (alterations in original).

The district court "must determine whether there is any just reason for delay." Id. "[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved." Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980). Whether a final

5

decision on a claim requires evaluation of more than the equities involved, for consideration of judicial administrative interests "is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956)). Factors courts consider include "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Id.

The Court finds that entry of a partial final judgment would impose a significant burden on judicial administration. Defendants have repeatedly acknowledged that their counterclaim is based on the applicability of their first-sale affirmative defense, which the Court has already declined to certify for interlocutory appeal. Thus, if Defendants were to appeal the adverse judgment on the counterclaim and then appeal the final judgment after the trial on the merits, the appellate court would be presented with the issue of the first-sale doctrine twice. Additionally, the trial in this matter is scheduled to begin in approximately eight weeks, and an appeal is unlikely to be decided prior to that time. Defendants have failed to establish that a substantial burden would result from waiting to appeal all of the matters in this case together after the trial has concluded. Further, the Court has already declined to stay this action pending an appeal. In that order, in addition to finding that it was unlikely that Defendants would be able to establish an

6

interlocutory appeal was appropriate, the Court also found that Defendants had not established that they were likely to succeed on the substance of their appeal, and Defendants have not presented any arguments here that would cause the Court to reach a different conclusion at this time. Thus, if the Court were to grant Defendants' motion, the parties would be required to proceed with the appeal while completing their final preparation for, and participating in, the trial in this matter.

Having taken into account the interests of judicial economy and the equities involved, the Court finds that entry of partial judgment on the counterclaim will not advance the interests of the parties and of judicial economy.

CONCLUSION

Accordingly, the Court DENIES Defendants' motion to certify the February 1, 2012 order for interlocutory appeal and for entry of partial judgment (Docket No. 171).

IT IS SO ORDERED.

Dated: 5/15/2012

CLAUDIA WILKEN
United States District Judge

cc: Ninth Circuit Court of Appeals