1   J. Andrew Coombs (SBN 123881)
    *andy@coombspc.com*
2   Annie S. Wang (SBN 243027)
    *annie@coombspc.com*
3   Nicole L. Drey (SBN 250235)
    *nicole@coombspc.com*
4   J. Andrew Coombs, A Prof. Corp.
    517 East Wilson Avenue, Suite 202
5   Glendale, California 91206
    Telephone:     (818) 500-3200
6   Facsimile:     (818) 500-3201

7   Attorneys for Plaintiff
    Adobe Systems Incorporated
8

9              UNITED STATES DISTRICT COURT

10        NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

11

12  Adobe Systems Incorporated,            )   Case No. C10-02769 CW
                                           )
                         Plaintiff,        )   [REDACTED]
13                                         )
            v.                             )   PLAINTIFF'S MOTIONS IN LIMINE;
14                                         )   DECLARATION AND EXHIBITS IN
    Anthony Kornrumpf a/k/a Tony Kornrumpf,)   SUPPORT
    Hoops Enterprise, LLC, and Does 2 – 10,)
15  inclusive,                             )
                                           )   Final Pretrial Conference:
16                       Defendants.       )   Date:       June 6, 2012
                                           )   Time:       2:00 p.m.
17  _____ )   Courtroom:  2, 4th Floor.

18          TO THE COURT AND TO DEFENDANTS:

19          Pursuant to the Court's Order for Pretrial Preparation, Plaintiff Adobe Systems

20  Incorporated ("Adobe") submits the following motions in limine:

21      1)  Motion in Limine No. 1, to Exclude All References to Alleged Release and, in the

22          Alternative for Summary Adjudication;

23      2)  Motion in Limine No. 2, to Exclude All References to the First Sale Defense and

24          Defendants Dismissed Counterclaims Based on That Defense;

25      3)  Motion in Limine No. 3, to Exclude All Evidence and Witnesses Not Previously Produced

26          or Disclosed;

27

28

1

2

4)  Motion in Limine No. 4, to Exclude All Evidence of Enforcement Efforts of the Software

3

and Information Industry Association Unrelated to Adobe Products;

4

5)  Motion in Limine No. 5, to Exclude All Reference to Acts by Third Parties; and

5

6)  Motion in Limine No. 6, to Exclude Party Attorneys as Witnesses.

6

7

DATED:  May 22, 2012                          J. Andrew Coombs, A Prof. Corp.

8

By: ___/s/ J. Andrew Coombs_____

9

J. Andrew Coombs
Annie S. Wang

10

Nicole L. Drey
Attorneys for Plaintiff Adobe Systems Incorporated

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**INTRODUCTION**    1

**Motion in Lmine No. 1 (Alleged Release)**    2

     A.   **The Prior Settlement Agreement Did Not Grant Kornrumpf Permission to Distribute OEM Software**    3

       1. As a Matter of Law, The Release Does Not Permit Defendants to Engage in the Conduct Alleged Herein.    5

       2. The Agreement Excludes Activity Not At Issue in the Prior Litigation With Each Side Reserving Its Position Regarding Other Sales (Including OEM) Not At Issue in the Litigation    6

       3. Defendant Hoops Enterprises, LLC Is Not a Party to the Agreement    6

       4. Defendants Have Identified No Parol Evidence to Resolve Any Alleged Ambiguity, and Such Parol Evidence That Does Exist Confirms This Interpretation of the Parties' Agreement    6

     B.   **Defendants' Failure to Plead Release and to Make Appropriate Disclosures Precludes Them From Belatedly Asserting the Defense or Introducing Otherwise Irrelevant Evidence and Argument Regarding Release**    8

       1. Defendants' Failure to Plead the Prior Settlement Release in Their Answer Results in Waiver    8

       2. Adobe is Prejudiced by Defendants' Failure to Allege the Defense    9

       3. Defendants Failed to Disclose the Evidence They Intend to Rely on to Further Their Defense    10

     C.   **The Release is Irrelevant and Inherently More Prejudicial Than Probative and, as such, Appropriately Excluded Under Fed. R. Evid. 402-403**    11

1.  The Prior Settlement Agreement Release is of Scant Probative Value in the

Present Matter Involving Different Parties and Products                    11

2.  Confusion, Prejudice, Delay and Waste of Time are Near Certainties      12

**Motion in Limine No. 2 (First Sale)**                                      13

**Motion in Limine No. 3 (Not Timely Produced or Disclosed)**                13

**Motion in Limine No. 4 (SIIA Enforcement Efforts)**                        15

**Motion in Limine No. 5 (Unrelated Enforcement Efforts)**                   16

**Motion in Limine No. 6 (Improper Violation of Advocate-Witness Rule)**     16

**CONCLUSION**                                                               17

DECLARATION OF ANNIE S. WANG                                                 18

Adobe v. Kornrumpf, et al.:  Motions in Limine

1

## **TABLE OF AUTHORITIES**

2

**CASES**

3

*Airborne Freight Corp. v. McPherson,* 427 F.2d 1283, 1285 (9th Cir. 1970) ..................................... 5

4

*Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.,*
652 F. Supp. 1400, 1401 (D. Md. 1987)..................................................................................................... 8

5

6

*Brobeck, Phleger & Harrison v. Telex Corp.,* 602 F.2d 866, 871 (9th Cir. 1979)........................... 5

7

*Dickson, Carlson & Campillo v. Pole,* 83 Cal. App. 4th 436, 446, 99 Cal. Rptr. 2d 678 (2000) ..... 12

8

*Dore v. Arnold Worldwide, Inc.,*
39 Cal.4th 384, 46 Cal.Rptr.3d 668, 139 P.3d 56, 60 (Cal.2006) ............................................ 7

9

*EPA Real Estate P'ship v. Kang,*
12 Cal.App.4th 171, 175, 15 Cal.Rptr.2d 209 (Cal.Ct.App.1992) ........................................ 6

10

*Escriba v. Foster Poultry Farms,* 793 F. Supp. 2d 1147 (E.D. Cal. 2011) ........................................ 12

11

*Gardiner v. Gaither,* 162 Cal. App. 2d 607, 329 P.2d 22 (1958)......................................................... 5

12

*General Elec. Co. v. Superior Court,* 45 Cal.2d 897, 899-900, 291 P.2d 945 (1955) ..................... 12

13

*Gerdlund v. Elec. Dispensers Int'l,*
190 Cal.App.3d 263, 270, 235 Cal.Rptr. 279 (Cal.Ct.App.1987) ......................................... 6

14

*Healy Tibbitts Construction Co. v. Insurance Co. of North America,*
679 F.2d 803 (9th Cir. 1982) .........................................................................................................9-10

15

16

*Hoffman v. Constr. Protective Servs.,* 541 F.3d 1175, 1179 (9th Cir. 2008) .................................... 10

17

*In re Gayle Sterten,* 546 F.3d 278, 285 (3d Cir. 2008)......................................................................... 9

18

*In re Japanese Electronic Products Antitrust Litig.,*
723 F.2d 238, 260 (3d Cir. 1983) *rev'd on others grds* 475 U.S. 574 (1986)........................... 1

19

*Laborers' Pension Fund v. A & C Environmental, Inc.,* 301 F.3d 768, 773 (7th Cir. 2002)........... 13

20

21

*Luce v. U.S.,* 469 U.S. 38, 40 (1984) ....................................................................................................... 1

22

*Magana v. Com. of the Northern Mariana Islands,* 107 F.3d 1436, 1446 (9th Cir. 1997) ................. 9

23

*Mathis v. Philips Chevrolet, Inc.,* 269 F.3d 771,776-776 (7th Cir. 2001)......................................... 15

24

*Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001) ......................... 9

25

*Pacific Gas and Electric Co. v. G. W. Thomas Drayage & Rigging Co., Inc.,* 69 Cal.2d 33, 69 Cal.
Rptr. 561, 442 P.2d 641 (1968)..................................................................................... 5, 7

26

27

28

*Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) ............................................... 8

*Pivot Point Intern., Inc. v. Charlene Products, Inc.,* 932 F. Supp. 220, 222 (N.D. Ill. 1996) .......... 8

*Rivera v. Anaya,* 726 F.2d 564, 566 (9th Cir. 1984) ................................................. 9

*SCO Group, Inc. v. Novell, Inc.*, 578 F.3d 1201, 1209 (10th Cir. 2009).........................6-7

*Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) .......................... 9

*U.S. v. Prantil*, 764 F.2d 548, 552-553 (9th Cir. 1985). .....................................16-17

*Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001) ..................... 15

*Yeti by Molly v. Deckers Outdoor Corporation*, 259 F.3d 1101, 1106 (9th Cir. 2001) ........ 10, 14-15

**STATUTES AND RULES**

17 U.S.C. § 512(g)(2)(C)............................................................................ 4

Fed. R. Civ. P. 8(c) ................................................................................. 8

Fed. R. Civ. P. 26 ............................................................................. 10, 13-14

Fed. R. Civ. P. 37(c) ............................................................................. 10, 14

Fed. R. Evid. 402 ............................................................................... 11, 15

Fed. R. Evid. 403 ............................................................................ 11-12, 15

Cal.Code Civ. Proc. § 1856(a)..................................................................... 6

Adobe v. Kornrumpf, et al.:  Motions in Limine

1

**INTRODUCTION**

2       Pursuant to the Court's Order for Pretrial Preparation, Plaintiff Adobe Systems

3  Incorporated ("Adobe") hereby moves the Court to exclude: evidence, argument and any reference

4  to (1) an alleged Release; (2) the first sale defense; (3) evidence or witnesses not timely produced

5  or disclosed; (4) enforcement efforts of the Software and Information Industry Association (SIIA)

6  unrelated to efforts undertaken on behalf of Adobe; (5) Defendants' acts by unrelated third parties;

7  and (6) to prevent Defendants from violating the witness advocate rule by calling as witnesses,

8  counsel for Adobe and counsel for Defendants.  Adobe's Motion in Limine regarding the purported

9  Release is, in the alternative, a motion for summary adjudication brought belatedly due to

10 Defendants' own belated assertion of this purported affirmative defense.

11      A motion in limine is any motion to exclude anticipated prejudicial evidence before the

12 evidence is actually offered.  *Luce v. U.S.*, 469 U.S. 38, 40 (1984).  Obtaining an advance ruling on

13 the admission of specific evidence or resolving critical evidentiary issues at the outset of the trial

14 enhances the efficiency of the trial process.  *In re Japanese Electronic Products Antitrust Litig.*,

15 723 F.2d 238, 260 (3d Cir. 1983) *rev'd on others grds* 475 U.S. 574 (1986).  The Court's authority

16 follows from its inherent authority to manage the course of trials.  *Luce*, 469 U.S. at 41, n.4.

17      Adobe's motions in limine are narrowly tailored to exclude irrelevant, prejudicial evidence

18 which can only serve to distract the jury and to waste valuable judicial resources.  Some of the

19 motions are so self-evident (e.g. exclusion of evidence related to a defense already ruled upon by

20 the Court) that no argument or authority is strictly necessary.  Others, such as Adobe's motion to

21 exclude argument or evidence pertaining to a release which Defendants now belatedly assert to

22 exonerate their infringing activity, are of sufficient moment to the remaining issues between the

23 parties that they are appropriate to resolve the issue as a matter of law.[1]  Defendants' clear motive

24 to introduce new and improper evidence and witnesses, on the alleged release and other issues, one

25 month before trial, unquestionably prejudices Adobe.  Additionally, arguments concerning the

26

27 ────────────────────
   [1]Plaintiff urges the Court to rule upon this issue of the alleged release for lack of disclosure or as a
28 matter of law as it will drastically streamline the issues left for trial and dispense with much of
   Defendants' last minute tactics to introduce never before disclosed evidence and witnesses.

Adobe v. Kornrumpf, et al.: Adobe's Motions in Limine          - 1 -

conduct of unrelated third parties or of enforcement efforts against Mr. Kornrumpf not related to Adobe product, should not further distract from the narrow questions left for the jury to decide on Defendants' liability for copyright and trademark infringement.

The matters at issue in the following motions in limine are appropriately excluded as waived, irrelevant, confusing and/or unjustly prejudicial.

### Motion in Limine No. 1 (Alleged Release)

Defendants have suddenly suggested that, having now lost their first sale defense in the Court's February 1, 2012, Order, they intend to argue that a particular clause in the parties' prior settlement agreement permitted Defendants to sell the OEM software at issue in the present case. This argument and associated evidence[2] should be excluded for at least the following two reasons.

(1) The clause at issue can be interpreted as a matter of law, and should be, by the Court. It is plain on its face that there is no "release" regarding OEM software. This subject would have been part of Adobe's summary judgment motion had Defendants properly pleaded it or timely raised it (they did not, and still have not, e.g., filed no amended Answer). It is clear that the purported release does not serve to release the conduct at issue herein nor would it even apply to all of the defendants. Even were the Court to consider parol evidence (which Adobe submits is not required), the relevant parol evidence shows that ███████████████████████████████ ██████████████████████████████████████████████████████████████████████████ ██████████████████████████████████ Should the Court choose to permit Defendants to make this new argument, Adobe requests that it be adjudicated as a matter of law prior to trial, and rejected for the reasons set forth below.

And (2) because "release" is an affirmative defense, and Defendants have not pleaded it, it was waived and Defendants should be precluded from making this argument. Realizing their fatal failure to disclose this alleged defense in their Amended Answer, Defendants attempt to bootstrap

---

[2] In addition to probable testimony of Kornrumpf, Defendants have identified (the second-to-last unnumbered exhibit) the confidential settlement agreement from the first action concerning illegal sales of academic software.

the defense into their broad boiler-plate equitable defenses of unclean hands and/or laches.  Docket No. 30-1, ¶¶ 17, 18.  The alleged release was an afterthought and does not support application of any of the asserted equitable defenses.  Indeed, the terms of the release itself are irrelevant to the purported equitable defenses.  This inappropriate attempt to enlarge the dispute between the parties on the eve of trial (and after close of the discovery cutoff) should be rejected.  The failure to plead was not harmless.  Defendants have (until very recently) failed to make any disclosures evidencing application of the alleged release to these purported defenses.  Improperly, they name counsel for Adobe and their own counsel as witnesses on this issue as part of the pretrial exchange.  Their failure to conduct themselves appropriately as required pursuant to the Federal Rules of Civil Procedure all support exclusion of evidence or argument pertaining to the purported defense.  This failure prejudiced Adobe in that Adobe could not formulate discovery (now closed) based upon an alleged defense that did not exist at the time.  Moreover, Defendants' naming of counsel for Adobe as a witness on this alleged defense is a clear indication of the prejudice suffered by Adobe by Defendants' inexcusable waiver.

For any one of the foregoing reasons, all evidence, argument or reference to the alleged release is properly excluded and should not be heard by the jury.

**A.  The Prior Settlement Agreement Did Not Grant Kornrumpf Permission to Distribute OEM Software.**

Defendant Kornrumpf was previously sued by Adobe.  *Adobe Systems Incorporated v. Kornrumpf*, Case No. C08-5513 CW (Complaint filed Dec. 9, 2008).  Adobe's claims were based upon investigation and evidence relating to his sales of Academic versions of Adobe software in violation of Adobe licensing restrictions.  Supplemental Declaration of Kornrumpf, Docket No. 83-1, Ex. A ("It was about EDU software we sold last year, not these commercially licensed OEMs.")  That action was resolved and a Consent Decree entered by the Court.  *Kornrumpf*, C08-5513, Docket No. 27, Permanent Injunction and Dismissal With Prejudice ("Prior Injunction") (attached as Exhibit C to the Declaration of Annie Wang ("Wang Decl.")).  Counsel for Kornrumpf requested that the Prior Injunction address only those versions of Adobe software which were

either undisputed (e.g. pirated software) or which were at issue in the litigation (i.e. Academic). *Id.* at ¶ 4; *see also* Wang Decl. at Ex. B; Docket No. 143-2, Ex. B to Declaration of Anthony Kornrumpf in Opposition to Plaintiff's Motion for Summary Judgment ("Settlement Agreement") at ¶ 4.



Prior Injunction at ¶ 4; Settlement Agreement at ¶ 4.

Within months after the resolution of the original action addressing Academic versions of Adobe software, Adobe learned that Kornrumpf was engaged in a large scale campaign of sales involving OEM versions of Adobe software using the eBay sales platform. In an attempt to efficiently resolve its claims against Kornrumpf without using judicial resources, Adobe employed the eBay notice and takedown procedure to have eBay remove Kornrumpf's infringing listings of Adobe OEM software. Kornrumpf transmitted counter-notices to eBay, counter-notices which under the terms of the Digital Millennium Copyright Act, required eBay to relist the infringing offers, unless Adobe filed suit. 17 U.S.C. § 512(g)(2)(C). This Action by Adobe was therefore necessitated by Kornrumpf's refusal to cease and desist from selling Adobe OEM software, despite his knowledge of wrongdoing derived from the original action pertaining to sales of Adobe Academic software and despite the repeated notices provided through the eBay notice and takedown process.

Throughout the prosecution of this Action, Defendants have implicitly recognized this situation and confined their defense to an assertion that they are within their rights to engage in the conduct alleged in the Complaint because of the "first sale doctrine." See Answer, Docket No. 14, Joint Case Management Statement, Docket No. 17, Amended Answer, Docket No. 30-1, 33, Counterclaim, Docket No. 15, and Amended Counterclaim, Docket No. 50, and Opposition to Adobe's Motion for Partial Summary Judgment, Docket No. 141.

Perhaps realizing the futility of their first sale argument which was eventually rejected (Docket No. 160), Defendants first began to seriously assert that their conduct was also expressly

permitted by a settlement agreement entered into between the parties in their prior action in opposition to Adobe's motion for partial summary judgment.  Declaration of Kornrumpf in Support of Opposition to Adobe's Motion for Partial Summary Judgment ("Kornrumpf MSJ Decl.") at ¶ 2, Ex. B, Docket No. 143, filed December 29, 2011.  No documents concerning the prior settlement agreement were disclosed by Defendants in their Rule 26 disclosures or produced in discovery. Wang Decl. at ¶ 2.  The Settlement Agreement itself was only made part of this record by Defendants on December 29, 2011, in response to Adobe's already filed motion for partial summary judgment.  Docket No. 143.  Additional witnesses regarding this defense were named approximately one month before trial was set to begin as part of pretrial disclosures further demonstrating the alleged release is a desperate afterthought.  Adobe was prevented from bringing this issue to the Court's attention within the normal course by Defendants' discovery and disclosure failures but it is nonetheless appropriate for summary adjudication or exclusion before trial.

   1. **As A Matter of Law, The Release Does Not Permit Defendants to Engage in the Conduct Alleged Herein.**

Under California law, "the determination of whether a contract is ambiguous presents a question of law." *Airborne Freight Corp. v. McPherson,* 427 F.2d 1283, 1285 (9th Cir. 1970) *citing Gardiner v. Gaither,* 162 Cal. App. 2d 607, 329 P.2d 22 (1958).  The Court "must receive extrinsic evidence concerning...the "circumstances under which the agreement was made."  *Airborne Freight Corp.,* 427 F.2d at 1285 *citing Pacific Gas and Electric Co. v. G. W. Thomas Drayage & Rigging Co., Inc.,* 69 Cal. 2d 33, 69 Cal. Rptr. 561, 442 P.2d 641 (1968).  However, if it finds that "the language of the instrument is not reasonably susceptible of interpretation and is unambiguous," extrinsic evidence is barred to vary the terms of the contract.  *Id.*.  "The case may then be disposed of by summary judgment."  *Brobeck, Phleger & Harrison v. Telex Corp.,* 602 F.2d 866, 871 (9th Cir. 1979) *citing Airborne Freight Corp.,* 427 F.2d at 1286.  Summary judgment is appropriate to resolve this late raised challenge to the prior settlement agreement release.

2.  **The Agreement Excludes Activity Not At Issue in the Prior Litigation With Each Side Reserving Its Position Regarding Other Sales (Including OEM) Not At Issue in That Litigation.**

The pertinent language of both the Settlement Agreement and filed Permanent Injunction as set forth above is clear and consistent.  There was no license to sell OEM software included as part of the resolution of the prior action.

See Settlement Agreement at ¶ 4.  There was no "carve-out" express or implied by the language of the agreement or injunction to allow Defendants to sell OEM software outside of the OEM licensing restrictions. The documents are clear and unambiguous.

3.  **Defendant Hoops Enterprises, LLC Is Not A Party to The Agreement.**

Even were the release given the interpretation advanced on behalf of Defendants, there is no provision to extend its terms to third parties, specifically including Defendant Hoops Enterprises, LLC.  Hoops Depo. at p. 10:13-16 (Hoops organized after last action was resolved).

4.  **Defendants Have Identified No Parol Evidence to Resolve Any Alleged Ambiguity, and Such Parol Evidence That Does Exist Confirms This Interpretation of the Parties' Agreement.**

"California law 'generally prohibits the introduction of any extrinsic evidence to vary or contradict the terms of an integrated written instrument.'" *SCO Group, Inc. v. Novell, Inc.*, 578 F.3d 1201, 1209 (10th Cir. 2009) *citing Gerdlund v. Elec. Dispensers Int'l,* 190 Cal.App.3d 263, 270, 235 Cal.Rptr. 279 (Cal.Ct.App.1987); *see also* Cal.Code Civ. Proc. § 1856(a).  "Such a writing 'may not be contradicted by even the most persuasive evidence of collateral agreements. Such evidence is legally irrelevant.'" *SCO Group, Inc.*, 578 F.3d at 1209 *citing EPA Real Estate P'ship v. Kang,* 12 Cal.App.4th 171, 175, 15 Cal.Rptr.2d 209 (Cal.Ct.App.1992) (citations omitted). "The rule 'is based upon the premise that the written instrument *is* the agreement of the parties.'" Id. (citations omitted) (emphasis in original).

However, "'[e]ven if a contract appears unambiguous on its face, California law permits the use of extrinsic evidence to expose 'a latent ambiguity...' which reveals more than one possible meaning to which the language of the contract is yet reasonably susceptible.'" *SCO Group, Inc.,* 578 F.3d at 1209-10 *citing Dore v. Arnold Worldwide, Inc.,* 39 Cal.4th 384, 46 Cal.Rptr.3d 668, 139 P.3d 56, 60 (Cal.2006) (emphasis added by *SCO Group, Inc.*). "'The test of admissibility of extrinsic evidence to explain the meaning of a written instrument is not whether it appears to the court to be plain and unambiguous on its face, but whether the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible.'" *SCO Group, Inc.,* 578 F.3d at 1210 *quoting Pacific Gas & E. Co.,* 442 P.2d at 644. "Thus, California law does not permit the use of extrinsic evidence to establish an ambiguity in the parties' intent independent from the terms of the contract; instead, it can only be used to expose or resolve a latent ambiguity in the language of the agreement itself." *SCO Group Inc.,* 578 F.3d at 1210. There was no ambiguity in the language of the agreement which is plain on its face. The injunction is consistent with the agreement. Defendants did not identify or disclose any extrinsic evidence. Wang Decl. ¶ 2. Instead, emails, copies of which Defendants' counsel have in their possession, support the plain meaning of the documents.

Counsel for Kornrumpf specifically explained:



Wang Decl. at ¶ 3, Ex. B- (June 12, 2009 email from Michael Miretsky of McCurdy & Leibl to Annie Wang of J. Andrew Coombs, A P.C.) (emphasis added).



There was no "carve-out" or license to sell OEM granted to Defendant Kornrumpf, ever, as a matter of law.

**B.   Defendants' Failure to Plead Release and to Make Appropriate Disclosures Precludes Them From Belatedly Asserting the Defense or Introducing Otherwise Irrelevant Evidence and Argument Regarding Release.**

> **1.   Defendants' Failure to Plead The Prior Settlement Release in Their Answer Results in Waiver.**

The Court should exclude evidence that is irrelevant, untimely, and unfairly prejudicial under the Federal Rules of Evidence and as an act of its inherent power to manage trials. Motions in limine can "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987). They also may save the parties time, effort and cost in preparing and presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc.,* 932 F. Supp. 220, 222 (N.D. Ill. 1996). The Court's intervention in this instance could not be more appropriate.

Pursuant to Fed. R. Civ. P. 8(c), "a party must affirmatively state any avoidance or affirmative defense." Failure to do so generally results in waiver. Nowhere in Defendants' Answer, Amended Answer, Counterclaim or Amended Counterclaim is there any mention of a

prior settlement release.  Docket Nos. 14, 15, 30-1 (filed by Docket No. 33), and 50.  Thus, Defendants' have waived any defense of a settlement release for OEM sales.

### 2.   Adobe Is Prejudiced By Defendants' Failure to Allege the Defense.

Despite the Ninth Circuit's liberalization of the requirement to plead, relaxation of the rule is allowed "only if the delay does not prejudice the plaintiff."  *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) *quoting Magana v. Commonwealth of the Northern Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997).  The focus is on notice and whether the omission "specifically deprived [the plaintiff] of an opportunity to rebut that defense or to alter her litigation strategy accordingly."  *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (allowing defense which was raised in answer and briefed) *citing In re Gayle Sterten*, 546 F.3d 278, 285 (3d Cir. 2008).  Defendants' failed to provide adequate notice that they intended to raise the prior settlement agreement as a purported release or other basis for defense.

Defendants through their pleadings, disclosures, briefs and arguments have made clear that their defense was based on the so-called "first sale doctrine."  Adobe has thus litigated this matter on that basis including through summary judgment.  Defendants had several years to seek leave to further amend their answer or their counterclaims, but they failed to provide Adobe with notice of their intentions to pursue this defense.  Further, the specifics of the defense are unclear as Defendants have provided no documents other than the agreement itself in connection with their opposition to Adobe's summary judgment motion.  Now that the discovery period as well as the deadline to file dispositive motions has passed, Adobe is unquestionably prejudiced by the omission.

This case is distinguishable from cases which have forgiven the pleading defect when the defense was fully briefed or if it would have been case dispositive such as the statute of limitations.  *See for example, Simmons*, 609 F.3d at 1023 (allowing res judicata defense which was raised in answer and briefed); *Owens*, 244 F.3d at 713 (allowing defense which would have been dispositive had it been asserted when the action was filed); *Magana*, 107 F.3d at 1446 (defense raised three months after filing of answer); *Rivera v. Anaya,* 726 F.2d 564, 566 (9th Cir. 1984) (allowing statute

of limitations defense for a summary judgment motion where the plaintiff did not claim any prejudice); *Healy Tibbitts Construction Co. v. Insurance Co. of North America*, 679 F.2d 803 (9th Cir. 1982) (policy exclusion defense allowed by way of motion for summary judgment where no prejudice to plaintiff).   The prior settlement release has not been fully briefed and should be excluded.

Whatever theory Defendants are advancing would have required separate discovery and briefing.  Here, the parties have consistently agreed, at Defendants' urging, to a discovery period beginning from June 19, 2009, for sales, when the prior case was concluded.  Defendant Hoops Enterprise, LLC was not even created until approximately November 2009.  Deposition of Kornrumpf on behalf of Hoops Enterprise, LLC ("Hoops Depo.") at p. 10:13-16.  Defendants' discovery responses indicate that there are no other relevant documents.  Wang Decl. at ¶ 2. Because there is no evidence, relevant or not, that Defendants could now introduce, any defense based on the prior settlement agreement release should be precluded.

### 3. Defendants Failed to Disclose The Evidence They Intend to Rely on To Further Their Defense.

Defendants had an obligation to disclose what evidence they intended to use at trial.  Fed. R. Civ. P. 26.  Absent disclosure, "the party is not allowed to use that information…at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  This rule "gives teeth to [the disclosure] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."  *Hoffman v. Constr. Protective Servs.*, 541 F.3d 1175, 1179 (9th Cir. 2008) *citing Yeti by Molly v. Deckers Outdoor Corporation*, 259 F.3d 1101, 1106 (9th Cir. 2001).  Defendants, who would have had the burden of proof on this defense, have not produced any documents in support of any defense based on the prior settlement agreement other than attaching the prior settlement agreement itself to papers in support of their opposition to Adobe's motion for partial summary judgment in December of last year.  Defendants then named witnesses, including counsel for the parties, as part of their pretrial disclosures, but had never made any inclination or disclosure of their intention to call such

witnesses.  Had the alleged release been a valid argument, and no doubt one Defendants would have known about from the beginning, they would have been required to disclose potential witnesses at the outset.  Their failure to do so evidences the fact that this was never an argument they intended to pursue and was only raised after the Court rejected their first sale defense. Defendants' attempts to manufacture propriety by characterizing witnesses disclosed at this late hour, including trial counsel for Adobe, as "rebuttal witnesses," years after this case was filed, after discovery was closed, and dispositive motions filed, argued and decided, is improper and highly prejudicial to Adobe.

If Defendants overcome their pleading defect despite the clear prejudice to Adobe, they should be precluded from introducing any documents or evidence on this issue that was not previously produced or disclosed.

**C. The Release Is Irrelevant and Inherently More Prejudicial Than Probative and, as such, Appropriately Excluded Under Fed. R. Evid. 402-403.**

**1. The Prior Settlement Agreement Release is of Scant Probative Value in the Present Matter Involving Different Parties and Products.**

Pursuant to Fed. R. Evid. 403, "the court 'may exclude relevant evidence if its probative value is substantially outweighed by a danger of...unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time," or other considerations.  There is no probative value to the prior settlement release between Adobe and Defendant Kornrumpf that involved completely different products, different parties and sales occurring during a different time frame.

Defendant Hoops Enterprise, LLC was not a party to the prior action as it was created after the last settlement.  Hoops Depo. at p. 10:13-16; Settlement Agreement p. 1, first recital.

The filed Permanent Injunction and Dismissal from the prior action had a very specific provision prohibiting Defendant Kornrumpf from dealing in Academic or Educational versions of Adobe's software.  *See* Prior Injunction at ¶ 4(b).  The same injunction stated that it was "without prejudice to any other valid rights of the Plaintiff or Defendant."  Id. at ¶ 4(c). ████████ ████████████████████████████████████████                                   Settlement Agreement at ¶ 4.

1

2

There is no probative value to Defendants' introduction of this evidence into the remaining case set

3

for trial.

4

Adobe also agreed not to assert damages based on sales predating the release at Defendants'

5

insistence.  Defendants have not made it clear what theory they seek to advance, but they should be

6

prohibited from doing so at this late hour in the case.

7

For argument's sake, Defendants' only affirmative defense that could possibly rely on the

8

prior settlement is unclean hands.   "The doctrine of unclean hands 'requires unconscionable, bad

9

faith, or inequitable conduct by the plaintiff in connection with the matter in controversy." *Escriba*

10

*v. Foster Poultry Farms*, 793 F. Supp. 2d 1147, 1169 (E.D. Cal. 2011) *citing Dickson, Carlson &*

11

*Campillo v. Pole*, 83 Cal. App. 4th 436, 446, 99 Cal. Rptr. 2d 678 (2000); *General Elec. Co. v.*

12

*Superior Court*, 45 Cal.2d 897, 899-900, 291 P.2d 945 (1955).  However, this defense is not

13

supported by the prior settlement release between some of the parties concerning unrelated

14

versions of Adobe's software.  Defendants have contended instead that the elimination of the

15

alleged secondary market under various fair use or first sale theories comprise Adobe's alleged bad

16

faith acts.  In light of this void of value, the evidence's only purpose is to create confusion, bias and

17

unfair prejudice amongst the jurors and is properly excluded under Fed. R. Evid. 403.

18

### 2.   Confusion, Prejudice, Delay and Waste of Time are Near Certainties.

19

Pursuant to Fed. R. Evid. 403, the court "may exclude relevant evidence if its probative

20

value is substantially outweighed by a danger of...unfair prejudice, confusing the issues, misleading

21

the jury, undue delay, wasting time," and/or other considerations.

22

Because there is no traction under any legal theory, the introduction of an alleged "carve-

23

out" into the present matter involving some but not all of the parties (Kornrumpf but not Hoops)

24

and involving different kinds of software not at issue here (OEM v. academic), is very confusing.

25

References are also unfairly prejudicial as Defendants will seek an improper association that

26

Adobe somehow acted overly-aggressively by suing Defendant Kornrumpf twice.  What little

27

relevance it has to the present lawsuit, if any, is not outweighed by the danger of confusion and

28

unfair prejudice.  The amount of time required to correct any confusion will no doubt cause undue

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

delay and waste of time.  References to the prior settlement release have no place in the instant action, even if Defendants survive the pleading, disclosure, and other evidentiary defects.  All references to the settlement release by Defendants are properly excluded.

### Motion in Limine No. 2 (First Sale)

As noted above, the Court has already ruled that the first sale defense is inapplicable in this matter and accordingly, dismissed Defendant's remaining Counterclaim.  Docket No. 160; *see also* Docket No. 175 at pp. 1:20-24, 2:26-3:8 ("this Court granted Adobe's motion for partial summary judgment, finding the first sale defense inapplicable.  The Court also adjudicated Defendants' remaining counterclaim for unfair business practices, which was also based on the first sale doctrine, in Adobe's favor," and "[i]n the February 1, 2012 Order, the Court found that the evidence provided established that Adobe licenses, rather than sells, its Original Equipment Manufacturer (OEM) software, rendering the first sale defense unavailable to Defendants... The Court also found that the first sale doctrine does not apply to the Adobe OEM software that was manufactured abroad.") (*citations omitted*).  The defense, evidence and argument relating to that topic are thus irrelevant to the remaining claims left for the jury to decide on liability and damages. *Laborers' Pension Fund v. A & C Environmental, Inc.*, 301 F.3d 768, 773 (7th Cir. 2002) (appropriate to exclude evidence regarding non-viable defenses).  Notwithstanding the clear direction on this issue by the Court, Defendants have offered jury instructions, evidence and are attempting to call as witnesses, Hewlett-Packard, Dell and Fujitsu on the first sale issue (which are the subject of the concurrently filed motion to quash).  Having been rejected as a matter of law, mention of this defense or the Counterclaim will only confuse the jury and needlessly waste time in violation of Fed. R. Evid. 403.  All evidence, argument and any references are properly excluded.

### Motion in Limine No. 3 (Not Timely Produced or Disclosed)

Defendants are prohibited from using or introducing any documents or testimony not previously disclosed.  Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii) requires that parties provide to each other "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party

may use to support its claims or defenses, unless the use would be solely for impeachment" and "a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." The language of Fed. R. Civ. P. 37 is clear that failure to "provide information or identify a witness as required by Rule 26(a) or (e)" results in that party being unable to use the omitted information or witness to supply evidence at trial, unless the failure was substantially justified or harmless.  Fed. R. Civ. P. 37(c)(1).  This rule "gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd.* 259 F.3d at 1106.

Defendants seek to offer into evidence testimony from witnesses disclosed only as part of the pretrial exchange requirements.  In addition to counsel for the parties, Defendants identified "Kerry Thompson."  No summaries were provided of these witnesses' testimony until May 17, 2012, essentially one month before trial was set to begin.  Although described as "rebuttal" witnesses, Defendants are engaging in game playing at this late stage to cover their own discovery failures.  Plaintiff is certainly prejudiced by these attempts to introduce new evidence into the case that the parties have been preparing for trial for years.  Defendants' delay has been unwarranted and their tactics cannot be condoned.  These "rebuttal" and late disclosed witnesses (counsel for the parties and Kerry Thompson) are properly excluded.

In the same vein, no documents concerning the prior settlement agreement were disclosed in Defendants' disclosures.  Wang Decl. at ¶ 2, Ex. A.  In discovery, other than the prior Settlement Agreement itself, no other documents were even identified.  *Id.*  The Settlement Agreement itself was not made part of the record until the filing of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment.  Docket No. 143.  Defendants also did not designate any witnesses until the pretrial exchange (albeit improper advocate-witnesses) that could potentially have information on this issue, other than Defendant Kornrumpf himself, pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i).  Wang Decl. at ¶ 2, Ex. A.  Defendants were not justified in omitting documents and

witnesses on the issue of the prior Settlement Agreement as this would have been a defense they were aware of since the inception of this case.  The lack of disclosure of the prior settlement in Defendants' pleadings and disclosures prevents Defendants from bringing forth evidence and witnesses on that topic at this late hour.  Plaintiff is certainly harmed by not being able to fully prepare for trial on these issues if Defendants intend to introduce evidence and witnesses not previously disclosed.  Defendants will be unable to meet their burden to prove an exception.  *Yeti by Molly, Ltd.*, 259 F.3d at 1107 *citing Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001) (burden is on party facing sanctions to show failure to comply was justified or harmless).  In fact, the basis for Defendants' so-called "carve-out" defense is still unclear.  But regardless, documents, witnesses, or other evidence not previously disclosed on this or any other topic are appropriately excluded.

### Motion in Limine No. 4 (SIIA Enforcement Efforts)

Kornrumpf has a pending action against the SIIA pertaining to enforcement actions undertaken by the SIIA on behalf of another of its member companies, Symantec Corporation.  *Hoops Enterprise, LLC v. Software and Information Industry Association*, District of Tennessee, Case No. 1:11-cv-00318 (filed Nov. 3, 2011).  That action, the enforcement efforts which are the subject of that claim and, for that matter, any other enforcement actions undertaken by the SIIA on behalf of any member company other than Adobe are demonstrably irrelevant and properly excluded pursuant to Fed. R. Evid. 402.  *Mathis v. Philips Chevrolet, Inc.*, 269 F.3d 771,776 (7th Cir. 2001).  There is no aspect of Adobe's claim against Defendants, nor of their purported denials and defenses concerning which these efforts pertaining to third parties are even arguably relevant.

In the alternative, such evidence is substantially more prejudicial than probative and such evidence is properly excluded pursuant to Fed. R. Civ. P. 403.  Third-party efforts on behalf of third party rights owners can only distract the jury and unnecessarily prolong proceedings even if Defendants can conjure some attenuated relevance for such evidence.

Defendants' counterclaims were premised on the first sale issue and the theory that Plaintiff was pursuing sellers in the secondary market wrongfully as a result.  As Mr. Kornrumpf and Hoops

Enterprise, LLC's actions are the only ones at issue in this litigation, references to the acts by unrelated third parties are irrelevant, confusing, and distracting.  Similarly, as Adobe is the only Plaintiff in this case, references to Defendants' actions or involvement with non-Adobe products as relating to enforcement or allegations of infringement are properly excluded as well.

### Motion in Limine No. 5 (Unrelated Enforcement Efforts)

During the course of the litigation, Defendants have attempted to cast themselves as victims of selective, over-eager enforcement on the part of Adobe.  They argue on the one hand that Adobe indiscriminately prosecutes "mid-level" sellers such as Defendants and, on the other hand, that Adobe is "picking" on Defendants for extra-aggressive enforcement.  In either event, the undisputed fact of widespread infringement of Adobe's valuable intellectual property rights and the equally undisputed (if unfortunate) fact that not all infringers can be pursued through civil enforcement are not relevant to Adobe's claims or Defendants' defenses.

Moreover, even were there some arguable relevance, its relevance is substantially outweighed by its prejudice, both by distracting the jury and by inviting time-consuming collateral argument and evidence to demonstrate why Adobe's more general enforcement efforts are both measured and non-discriminatory.

### Motion in Limine No. 6 (Improper Violation of Advocate-Witness Rule)

Defendants have improperly identified both counsel for Adobe and counsel for Defendants as trial witnesses as part of their pretrial disclosures.  Even should Defendants' witness designations survive the disclosure defect argued above, Ninth Circuit authority prohibits an attorney from appearing both as a witness and an advocate in the same litigation.  *U.S. v. Prantil*, 764 F.2d 548, 552-553 (9th Cir. 1985); *see also* Rule 5-210 of the California Rules of Professional Conduct; Rule 3.7 of the ABA Model Rules Prof. Conduct.  The advocate-witness rule has only three exceptions: (1) when the proposed testimony relates to a purely formal or uncontested matter; (2) when the need for the testimony could not have been reasonably anticipated and the evidence is necessary to prevent a miscarriage of justice; and (3) where a particular attorney's familiarity with a

case is such that withdrawal will irreparably injure his client's case.  *Prantil*, 764 F.2d at 553 n.2.
None of those exceptions apply here.

The Ninth Circuit has held that the advocate witness rule is "a necessary corollary to the
more fundamental tenet of our adversarial system that juries are to ground their decisions on the
facts of a case and not on the integrity or credibility of the advocates."  *Id.*  The rule is "aimed at
protecting the integrity of the fact finding process," and "adherence to this time-honored rule is
more than just an ethical obligation of individual counsel; enforcement of the rule is a matter of
institutional concern implicating the basic foundations of our system of justice."  *Id.*  at 553-54.
Defendants are barred from calling counsel for Adobe or their own counsel as witnesses pursuant
to controlling authority.

Defendants could have sought to introduce testimony from his own counsel, but Defendants
never named any such attorneys in any disclosures and counsel, whose firm still represents
Defendants, did not promptly withdraw from the conflicting role.  *Id.*  The delay in disclosure only
further evidences the last minute nature of the waived argument concerning any alleged settlement
release.  "The advocate-witness rule is aimed at protecting the integrity of the fact-finding process,
not at distorting the process itself."  *Prantil*, 764 F.2d at 554.  Defendants' obvious eleventh hour
scramble to admit testimony from counsel, not previously disclosed, is a clear abuse and distortion
of the trial process.

Therefore, should the Court ignore Defendants' gross failure to disclose these witnesses
previously, counsel for the parties should be excluded as trial witnesses as a matter of law and
principle.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's
motions in limine to exclude the above identified topics and references.

Dated:  May 22, 2012                         J. Andrew Coombs, A Professional Corporation

                                            By:  __/s/ J. Andrew Coombs_____
                                                J. Andrew Coombs
                                                Annie S. Wang
                                            Attorneys for Plaintiff Adobe Systems Incorporated

**DECLARATION OF ANNIE S. WANG**

I, ANNIE S. WANG, declare as follows:

1.      I am an attorney at law duly admitted to practice before the Courts of the State of California and the United States Northern District of California.  I am counsel of record for Plaintiff Adobe Systems Incorporated ("Plaintiff" or "Adobe") in an action styled <u>Adobe Systems Incorporated v. Kornrumpf, et al.</u>  Except as otherwise stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows.

2.      Defendants have maintained that discovery concerning their sales in this matter should not pre-date June 19, 2009, the date of the last settlement.  Docket No. 40 at p. 2.  No documents concerning the prior settlement were identified in Defendants' initial disclosures, a true and correct copy of which is attached hereto as Exhibit A.  No documents concerning the prior settlement were produced in connection with discovery requests including those that specifically requested "DOCUMENTS RELATING TO licenses or authorizations to create, produce, manufacture, distribute, sell or offer to sell the ADOBE PRODUCT," and "DOCUMENTS not previously identified in these requests which RELATE TO or support any claims or defenses to the COMPLAINT."  In response to the former request for production, Defendants' response identified the confidential settlement agreement as being the only responsive document, but also stated that "As for documents relating to ADOBE PRODUCT in general (as defined by Requesting Party) no such documents exist."

3.      I was personally and principally involved with the settlement discussions on behalf of Adobe in the prior action.  I never spoke with Mr. Kornrumpf directly as part of the prior action.  The main contact for Defendant Kornrumpf was attorney Michael Miretsky.  Attached hereto as Exhibit B is a true and correct copy of an email from Mr. Miretsky to me, dated June 12, 2009, discussing the scope of the injunction and the triggering events for the stipulated judgment.

4.      I request, pursuant to Federal Rules of Evidence, Rule 201(b) that the Court take judicial notice of the Permanent Injunction and Dismissal With Prejudice ("Prior Injunction") filed

as Docket No. 27 on July 21, 2009, in the action *Adobe Systems Incorporated v. Kornrumpf*, Case No. C08-5513 CW, a true and correct copy of which is attached hereto as Exhibit C.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 22nd day of May, 2012, at Glendale, California.


        ___/s/ Annie S. Wang_____
        ANNIE S. WANG

**EXHIBIT A**

1 | John D. McCurdy, Esq., State Bar No. 54091
Reagan E. Boyce, Esq., State Bar No. 248064
2 | McCURDY & LEIBL, LLP
12925 Riverside Drive, Third Floor
3 | Sherman Oaks, California 91423
Tel: (818) 380-0123
4 | Fax: (818) 380-0124

5 | Attorneys for Defendant / Counter-Claimant, Hoops Enterprise, LLC (erroneously sued and
served as Anthony Kornrumpf, a/k/a Tony Kornrumpf)
6

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   Adobe Systems Incorporated, | Case No.:  CV1002769 CW |
| 12               Plaintiff, | [Assigned for All Purposes to: Hon. Claudia Wilken, Courtroom 2] |
| 13            vs. | |
| 14   Anthony Kornrumpf a/k/a Tony Kornrumpf and Does 1-10, Inclusive, | **DEFENDANT'S VOLUNTARY DISCLOSURES PURSUANT TO FED. R. CIV. P. 26** |
| 15 | |
| 16               Defendants. | Complaint Filed: 06/24/10 |
| 17 | |
| 18   And Related Actions. | |
| 19 | |

20 | **INITIAL DISCLOSURE STATEMENT**

21 |     Defendants/Counter-Claimants, HOOPS ENTERPRISE, LLC and Anthony Kornrumpf,

22 | (hereinafter "HOOPS"), hereby makes the following Initial Disclosures in accordance with Fed.

23 | R. Civ. P. 26(a)(1).  HOOPS does not waive any valid objections it may have to any request to

24 | produce documents identified herein. This disclosure is made on information reasonably

25 | available to HOOPS as of this date. HOOPS reserves the right to supplement this disclosure if

26 | and when additional responsive information is discovered or available.

27 | ///

28 | ///

1     (A)    Witnesses:

2     1.    Tony Kornrumpf,

3     Managing Member of HOOPS ENTERPRISE, LLC

4     May be contacted through counsel of record

5     McCurdy & Leibl, LLP

6     12925 Riverside Drive, 3rd Floor

7     Sherman Oaks, CA 91423

8     (818) 380-0123

9     2.    Chris Stickle

10    Enforcement Manager, Anti-Piracy

11    Adobe Systems Incorporated

12    601 Townsend St.

13    San Francisco, CA 94103

14    (415) 832-5187

15    cstickle@adobe.com

16    3.    Scott Bain

17    Scott Bain

18    Legislative Counsel

19    Software and Information Industry Association

20    HOOPS also identifies as potential witnesses in support of its defense, those third party

21    service providers, and/or suppliers who may be identified as having discoverable information, as

22    well as various employees of Plaintiff / Counter-Defendant ADOBE and Third Party Defendant,

23    Software and Information Industry Association ("SIIA"), after further discovery is conducted.

24    (B)    Documents:

25    In accordance with Fed. R. Civ. P. 26(a)(1)(B), HOOPS hereby provides the following

26    descriptions of categories of non-privileged documents known to him at this time that may be

27    relevant to this matter.

28    1.    E-mail correspondence by and between HOOPS and eBay regarding the subject

1   auctions, and Plaintiff/Counter-Defendant and/or Third Party Defendant's request that said
2   auctions be removed.

3        2.     E-mail correspondence by and between HOOPS and Business Software Alliance
4   ("BSA") and Third Party Defendant, SIIA regarding the software at issue in this matter.

5        3.     Business records of HOOPS relating to the acquisition and sale of products at
6   issue in this matter.

7        These documents are located either at McCurdy and Leibl, LLP or at HOOPS' place of
8   business in Tennessee and will be made available by counsel of record, McCurdy and Leibl,
9   LLP, 12925 Riverside Drive, 3rd Floor, Sherman Oaks, CA 91423.

10        (C)     Damages Computation:

11        HOOPS contests Plaintiff's claim of actual damages and contests any basis for statutory
12   damages.

13        HOOPS contends that the actions of Plaintiff/Counter-Defendant ADOBE and Third
14   Party Defendant SIIA's conduct has resulted in a loss of business profits, goodwill, economic
15   opportunity and has caused HOOPS to incur attorney's fees and costs in defending the
16   Complaint.

17        (D)     Insurance:

18        Not applicable.

19

20   DATED:  December 6, 2010

                                     McCURDY & LEIBL, LLP

21

22                             By: _____
23                             JOHN D. McCURDY, ESQ.
                              REAGAN E. BOYCE, ESQ.
24                             Attorneys for Defendants/Counter-
                            Claimants, Hoops Enterprise, LLC and
                            Anthony Kornrumpf

25

26

27

28

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4

I am employed in the County of Sherman Oaks, State of California. I am over the age of 18 and not a party to the within action; my business address is 12925 Riverside Drive, Third Floor, Sherman Oaks, California 91423.

5

6

7

On December 7, 2010, I served the foregoing document described as **DEFENDANT'S VOLUNTARY DISCLOSURES PURSUANT TO FED. R. CIV.P.26** on the parties in this action by placing a true copy(ies) or the original(s) thereof enclosed in a sealed envelope(s) addressed as follows:

8

9

**<u>Attorneys for Plaintiff, Adobe Systems Incorporated</u>**
J. Andrew Coombs, Esq.
Annie Wang, Esq.
J. Andrew Coombs, A Professional Corp.
517 East Wilson Avenue, Suite 202
Glendale, CA 91206
Tel: (818) 500-3200
Fax: (818) 500-3201

10

11

12

13

14

☑        **(BY MAIL)**

15

I placed said document in an envelope addressed as shown on the service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, said correspondence will be deposited with the United States Postal Service the same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing on the date stated below to the addressed stated on the attached service list, following the firm's ordinary business practices.

16

17

18

19

**(STATE)**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20

21

22

☑        **(FEDERAL)**

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

23

24

Executed on December 7, 2020  at Sherman Oaks, California.

25

26

Lauren Brodsky

27

28

**EXHIBIT B**

# EXHIBIT SUBMITTED FOR FILING UNDER SEAL

# EXHIBIT SUBMITTED FOR FILING UNDER SEAL

# EXHIBIT C

J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone:    (818) 500-3200
Facsimile:    (818) 500-3201

Attorneys for Plaintiff
Adobe Systems Incorporated


John D. McCurdy, Esq. (SBN 54091)
*jmccurdy@jmll.com*
Michael Miretsky, Esq.  (SBN 180734)
*mmiretsky@jmll.com*
McCurdy & Leibl, LLP
12925 Riverside Drive, Third Floor
Sherman Oaks, California 91423
Telephone:    (818) 380-0123
Facsimile:    (818) 380-0124

Attorney for Defendant
Tony Kornrumpf


# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)

| | |
|---|---|
| Adobe Systems Incorporated, | Case No.: C08-5513 CW |
| Plaintiff, | PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE |
| v. | |
| Tony Kornrumpf and Does 1 – 10, inclusive, | |
| Defendants. | |

The Court, having read and considered the Joint Stipulation for Permanent Injunction and Dismissal with Prejudice that has been executed by Plaintiff Adobe Systems Incorporated ("Plaintiff") and Defendant Tony Kornrumpf ("Defendant") in this action, and good cause appearing therefore, hereby:

ORDERS that based on the Parties' stipulation and only as to Defendant, his successors, heirs, and assignees, this Injunction shall be and is hereby entered in the within action as follows:

Adobe v. Kornrumpf, et al.:  Proposed Perm. Inj. and Dismissal        - 1 -

1)     This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 101 *et seq*., 15 U.S.C. § 1051, *et seq*., 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. Service of process was properly made against Defendant.

2)     Plaintiff is the owner of all rights in and to the copyright and trademark registrations listed in Exhibits A and B attached hereto and incorporated herein by this reference (collectively referred to herein as "Plaintiff's Properties").

3)     Plaintiff has alleged that Defendant has made unauthorized uses of Plaintiff's Properties or substantially similar likenesses or colorable imitations thereof.

4)     Defendant and his agents, servants, employees and all persons in active concert and participation with him who receive actual notice of the Injunction are hereby restrained and enjoined from:

     a)     Infringing Plaintiff's Properties, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized or piratical product which features any of Plaintiff's Properties ("Unauthorized Products"), and, specifically from:

          i)     Importing, manufacturing, distributing, advertising, selling and/or offering for sale the Unauthorized Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiff's Properties;

          ii)     Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of Plaintiff's Properties;

          iii)     Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendant's customers and/or members of the public to believe, the actions of Defendant, the products sold by Defendant, or

Defendant himself is connected with Plaintiff, is sponsored, approved or licensed by Plaintiff, or is affiliated with Plaintiff;

iv)    Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

b)    Defendant specifically agrees that he will not now, nor at any time in the future, advertise, offer to sell, sell or distribute any Academic or Educational versions of Plaintiff's software.

c)    This Injunction is without prejudice to any other valid rights of the Plaintiff or Defendant.

5)    Each side shall bear its own fees and costs of suit.

6)    Except as provided herein, all claims alleged in the Complaint are dismissed with prejudice.

7)    This Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

8)    The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendant.

9)    The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

10)    The above-captioned action, shall, upon filing by Plaintiff of the Joint Stipulation re Entry of [Proposed] Judgment, [Proposed] Final Judgment and requesting entry of judgment against Defendant, be reopened should Defendant default under the terms of the Settlement Agreement.

11)    This Court shall retain jurisdiction over the Defendant for the purpose of making further orders necessary or proper for the construction or modification of this permanent injunction and

Adobe v. Kornrumpf, et al.:  Proposed Perm. Inj. and Dismissal        - 3 -

judgment; the enforcement hereof; the punishment of any violations hereof, and for the possible

entry of a further Judgment Pursuant to Stipulation in this action.

DATED:  7/21/09

_____
Hon. Claudia Wilken
United States District Judge

PRESENTED BY:

J. Andrew Coombs,
A Professional Corporation

By: _____
        J. Andrew Coombs
        Annie S. Wang
Attorneys for Plaintiff Adobe Systems Incorporated


McCurdy & Leibl, LLP

By: _____
        Michael Miretsky
Attorney for Defendant Tony Kornrumpf

EXHIBIT A
Copyright Registrations

| Title of Work | Copyright Registration No. |
|---|---|
| Acrobat 3D | TX0006277233 |
| Acrobat Capture 1.0. | TX0004559023 |
| Acrobat Capture 1.0. | TX0004559023 |
| Acrobat Capture 2.0. | TX0004509574 |
| Acrobat Capture 2.0. | TX0004509574 |
| Acrobat Catalog for Windows. | TX0004001286 |
| Acrobat Catalog for Windows. | TX0004001286 |
| Acrobat Distiller 2.1 for Macintosh. | TX0004169553 |
| Acrobat Distiller 2.1 for Macintosh. | TX0004169553 |
| Acrobat Distiller 2.1 for Microsoft Windows. | TX0004169555 |
| Acrobat Distiller 2.1 for Microsoft Windows. | TX0004169555 |
| Acrobat Distiller for Microsoft Windows. | TX0003893510 |
| Acrobat Distiller for Microsoft Windows. | TX0003893510 |
| Acrobat Exchange 2.0 for Macintosh. | TX0004001287 |
| Acrobat Exchange 2.0 for Macintosh. | TX0004001287 |
| Acrobat Exchange 2.1 for Macintosh. | TX0004169554 |
| Acrobat Exchange 2.1 for Macintosh. | TX0004169554 |
| Acrobat Exchange 2.1 for UNIX. | TX0004231310 |
| Acrobat Exchange 2.1 for UNIX. | TX0004231310 |
| Acrobat Exchange and Acrobat Reader for Macintosh. | TX0003611923 |
| Acrobat Exchange and Acrobat Reader for Macintosh. | TX0003611923 |
| Acrobat Exchange and Acrobat Reader for Windows. | TX0003611922 |
| Acrobat Exchange and Acrobat Reader for Windows. | TX0003611922 |
| Acrobat Reader 2.0 for Windows. | TX0003893506 |
| Acrobat Reader 2.0 for Windows. | TX0003893506 |
| Acrobat Reader 3.0. | TX0004509573 |
| Acrobat Reader 3.0. | TX0004509573 |
| Acrobat Search for Macintosh. | TX0003991344 |
| Acrobat Search for Windows. | TX0003978856 |
| Acrobat Search for Windows. | TX0003978856 |
| Acrobat. | TX0001644799 |
| Adobe Accelio Capture Advanced Client 4.0 for Windows. | TX0005553357 |
| Adobe Accelio Integrate Suite 6.0 for Windows. | TX0005553342 |
| Adobe Acrobat 3.0 for Macintosh, Windows and UNIX. | TX0004583920 |
| Adobe Acrobat 3.0 for Macintosh, Windows and UNIX. | TX0004583920 |
| Adobe Acrobat 4.0. | TX0004961793 |
| Adobe Acrobat 5.0 for Macintosh. | TX0005545266 |
| Adobe Acrobat 5.0 for Windows. | TX0005545265 |
| Adobe Acrobat 5.0 Getting Started Guide. | TX0005545267 |
| Adobe Acrobat 6.0 for Macintosh. | TX0005748744 |
| Adobe Acrobat 6.0 for Windows. | TX0005748745 |
| Adobe Acrobat 7.0 Standard for Macintosh. | TX0006045087 |
| Adobe Acrobat 7.0 Standard for Windows. | TX0006045086 |
| Adobe Acrobat 8 Professional for Macintosh. | TX0006390830 |
| Adobe Acrobat 8 Professional for Windows. | TX0006390827 |

| Adobe Acrobat 8 Standard for Macintosh. | TX0006390829 |
|---|---|
| Adobe Acrobat 8 Standard for Windows. | TX0006390828 |
| Adobe Acrobat Approval 5.0 for Macintosh. | TX0005654837 |
| Adobe Acrobat Approval 5.0 for Macintosh. | TX0005654837 |
| Adobe Acrobat Approval 5.0 for Windows. | TX0005436556 |
| Adobe Acrobat Capture 3.0 source code. | TX0005199559 |
| Adobe Acrobat Connect 1.0 for Macintosh. | TX0006390834 |
| Adobe Acrobat Connect 1.0 for Windows. | TX0006390835 |
| Adobe Acrobat Distiller Server 5.0.5. | TX0005758527 |
| Adobe Acrobat Distiller Server 6.0 for UNIX. | TX0005847807 |
| Adobe Acrobat Distiller Server 6.0 for Windows. | TX0005847832 |
| Adobe Acrobat eBook Reader v. 2.0. | TX0005335249 |
| Adobe Acrobat eBook Reader v. 2.0. | TX0005335250 |
| Adobe Acrobat Elements 1.0 for Windows. | TX0005611299 |
| Adobe Acrobat Elements 6.0 for Windows. | TX0005780821 |
| Adobe Acrobat Elements Server 6.0 for Windows. | TX0005848340 |
| Adobe Acrobat Fill in 4.0. | TX0004241942 |
| Adobe Acrobat Inproduction 1.0. | TX0005200942 |
| Adobe Acrobat Inproduction 1.0. | TX0005200942 |
| Adobe Acrobat Messenger 1.0. | TX0005241268 |
| Adobe Acrobat Reader 5.0 for Macintosh. | TX0005412874 |
| Adobe Acrobat Reader 5.0 for Windows. | TX0005412875 |
| Adobe Acrobat Reader 5.0.5 for AIX. | TX0005605114 |
| Adobe Acrobat Reader 5.0.5 for HP-UX. | TX0005605113 |
| Adobe Acrobat Reader 5.0.5 for Solaris. | TX0005617024 |
| Adobe Acrobat Reader 5.05 for Linux. | TX0005617021 |
| Adobe Acrobat Reader 5.1 for Macintosh. | TX0005620676 |
| Adobe Acrobat Reader 5.1 for Windows. | TX0005620677 |
| Adobe Acrobat Reader for Palm OS 1.0 for Windows. | TX0005422793 |
| Adobe Acrobat Reader for Palm OS 2.0 (Macintosh) | TX0005617023 |
| Adobe Acrobat Reader for Palm OS 2.0 (Windows) | TX0005617022 |
| Adobe Acrobat Reader for Palm OS Beta Windows. | TX0005422794 |
| Adobe Acrobat Reader for Pocket PC : Version 1.0. | TX0005489269 |
| Adobe ActiveShare 1.0. | TX0005086423 |
| Adobe ActiveShare 1.5 for Windows. | TX0005267528 |
| Adobe After Effects : 7.0 Professional for Windows. | TX0006277334 |
| Adobe After Effects : Version 5.0 for Macintosh. | TX0005392887 |
| Adobe After Effects : Version 5.0 for Windows. | TX0005438054 |
| Adobe After Effects : Version 5.5 for Macintosh. | TX0005493399 |
| Adobe After Effects : Version 5.5 for Windows. | TX0005493400 |
| Adobe After Effects : Version 6.0 for Macintosh. | TX0005777908 |
| Adobe After Effects : Version 6.0 for Windows. | TX0005777907 |
| Adobe After Effects 3.0 for Macintosh. | TX0004643401 |
| Adobe After Effects 4.0 for Macintosh and Windows. | TX0005011464 |
| Adobe After Effects 5.5 Plug-in Power Pack for MacIntosh. | TX0005546626 |
| Adobe After Effects 5.5 Plug-in Power Pack for Windows. | TX0005546627 |
| Adobe After Effects 6.5 for Macintosh. | TX0005934788 |
| Adobe After Effects 7.0 Standard for Macintosh. | TX0006277333 |
| Adobe After Effects 7.0 Standard for Windows. | TX0006277335 |
| Adobe After Effects CS3 Professional for Windows and Macintosh. | TX0006457851 |

| | |
|---|---|
| Adobe After Effects Production Bundle : Version 5.5 for Macintosh. | TX0005493398 |
| Adobe After Effects Production Bundle : Version 5.5 for Windows. | TX0005493401 |
| Adobe After Effects Production Bundle 5.0 for Macintosh. | TX0005392886 |
| Adobe After Effects Production Bundle 5.0 for Windows. | TX0005392888 |
| Adobe After Effects Version 6.5 for Windows. | TX0005934787 |
| Adobe AlterCast 1.5 for Solaris. | TX0005520581 |
| Adobe AlterCast 1.5 for Windows. | TX0005520583 |
| Adobe Atmosphere : Version 1.0 Public Beta. | TX0005401513 |
| Adobe Atmosphere 1.0 for Windows. | TX0005780857 |
| Adobe Atmosphere Player 1.0 for Windows. | TX0005748760 |
| Adobe Audition 1.0 for Windows. | TX0005777207 |
| Adobe Audition 1.5 for Windows. | TX0005932189 |
| Adobe Audition 2.0 for Windows. | TX0006277359 |
| Adobe Audition 3.0 for Windows. | TX0006816095 |
| Adobe Barcoded Paper Forms Solution 1.0 for Macintosh. | TX0005936309 |
| Adobe Captivate 2 for Windows. | TX0006390833 |
| Adobe Carlson Regular. | TX0003374876 |
| Adobe Caslon Alternate Bold Italic : Version 001.000. | TX0003501138 |
| Adobe Caslon Alternate Bold. | TX0003501547 |
| Adobe Caslon Alternate Italic : Version 001.000. | TX0003501139 |
| Adobe Creative Suite 2 Premium for Macintosh. | TX0006131248 |
| Adobe Creative Suite 2 Premium for Windows. | TX0006131245 |
| Adobe Creative Suite 2 Standard for Macintosh. | TX0006131247 |
| Adobe Creative Suite 3 Master Collection for Windows and Macintosh | TX0006457918 |
| Adobe Creative Suite 2 Standard for Windows. | TX0006131246 |
| Adobe Creative Suite for Macintosh. | TX0005844481 |
| Adobe Creative Suite for Windows. | TX0005844480 |
| Adobe Dreamweaver CS3 Professional for Windows and Macintosh | TX0006534561 |
| Adobe Exchange 2.0 for Windows. | TX0003961129 |
| Adobe Extension Manager CS3 for Windows and Macintosh. | TX0006531581 |
| Adobe Flash CS3 Professional for Windows and Macintosh. | TX0006531604 |
| Adobe Flash CS3 Professional for Windows and Macintosh. | TX0006531604 |
| Adobe Flash Media Encoder 1.0. | TX0006526716 |
| Adobe Flash Media Encoder 1.0. | TX0006526716 |
| Adobe Flash Player 9 for Linux. | TX0006476523 |
| Adobe Flash Player 9 for Linux. | TX0006476523 |
| Adobe Flash Player 9 for Solaris. | TX0006457897 |
| Adobe Illustrator : Version 5.0.1 (Mac). | TX0003846115 |
| Adobe Illustrator : Version 5.5 (Mac). | TX0003846114 |
| Adobe Illustrator : Version 6.0 Macintosh. | TX0004240043 |
| Adobe Illustrator 10 for Macintosh. | TX0005446858 |
| Adobe Illustrator 10 for Windows. | TX0005446857 |
| Adobe Illustrator 3.0. | TX0003000202 |
| Adobe Illustrator 8.0 for Macintosh and Windows. | TX0004953097 |
| Adobe Illustrator 9.0 for Macintosh and Windows. | TX0005159819 |
| Adobe Illustrator CS for Macintosh. | TX0005780817 |
| Adobe Illustrator CS for Windows. | TX0005780806 |
| Adobe Illustrator CS3 for Windows and Macintosh. | TX0006531603 |
| Adobe Illustrator. | TX0003380406 |
| Adobe PageMaker 6.0 for Macintosh, Power Macintosh. | TX0004093314 |

| | |
|---|---|
| Adobe PageMaker 6.5 Macintosh. | TX0004524555 |
| Adobe PageMaker 7.0 for Macintosh. | TX0005409447 |
| Adobe PageMaker 7.0 for Windows. | TX0005409446 |
| Adobe Pagemaker Plug-in Pack for MacIntosh. | TX0005847834 |
| Adobe Pagemaker Plug-in Pack for Windows. | TX0005847833 |
| Adobe Photoshop : 5.5. | TX0005213806 |
| Adobe Photoshop 6.0. | TX0005196369 |
| Adobe Photoshop 7.0 for Macintosh. | TX0005562147 |
| Adobe Photoshop 7.0 for Windows. | TX0005562148 |
| Adobe Photoshop Album 2.0 for Windows. | TX0005780785 |
| Adobe Photoshop CS for Macintosh. | TX0005780846 |
| Adobe Photoshop CS for Windows. | TX0005780847 |
| Adobe Photoshop CS2 for Macintosh. | TX0006131272 |
| Adobe Photoshop CS2 Official JavaScript Reference | TX0006273756 |
| Adobe Photoshop CS3 for Windows and Macintosh. | TX0006528611 |
| Adobe Photoshop Elements : 4.0 for Macintosh. | TX0006277687 |
| Adobe Photoshop Elements 1.0 for Macintosh and Windows. | TX0005329106 |
| Adobe Photoshop Elements 2.0 for Macintosh. | TX0005592639 |
| Adobe Photoshop Elements 2.0 for Windows. | TX0005592638 |
| Adobe Photoshop Elements 4.0 for Windows. | TX0006139024 |
| Adobe Photoshop Lightroom 1.0 for Macintosh and Windows. | TX0006526701 |
| Adobe Photoshop Macintosh. | TX0003551958 |
| Adobe Photoshop Version 3.0 Mac. | TX0003971820 |
| Adobe Photoshop Version 3.0 Windows. | TX0003616850 |
| Adobe Photoshop Version 5.0 Macintosh and Windows. | TX0004856009 |
| Adobe Photoshop Windows. | TX0003596143 |
| Adobe Photoshop. | TX0004068613 |
| Adobe Photoshop. | TX0003120306 |
| Adobe Photoshop. | TX0002897138 |
| Adobe Soundbooth CS3 for Windows and Macintosh | TX0006457903 |
| Adobetype Manager Deluxe 4.6 User Guide : Macintosh. | TX0005176752 |
| Adope PhotoDeluxe, V1.0. | TX0004809739 |
| Adope Photoshop : Version 4.0 : Macintosh and Windows. | TX0004571653 |
| Authorware 7.0 | TX0005800627 |
| Contribute 4 (Mac) | TX0006471404 |
| Designer 6.0 (Win) | TX0005932242 |
| Encore DVD 2.0 | TX0006277348 |
| Font Folio 9.0 (Mac) | TX0005401449 |
| Font Folio Open Type | TX0005845931 |
| Form Manager 6.0 | TX0006042527 |
| Framemaker 7.0 (Mac) | TX0005596921 |
| Framemaker 7.0 (Win) | TX0005596919 |
| FreeHand MX (Mac) | TX0005746988 |
| GoLive CS2 (Mac) | TX0006131268 |
| GoLive CS2 (Win) | TX0006131269 |
| Illustrator CS2 (Mac) | TX0006131282 |
| Illustrator CS2 (Win) | TX0006131283 |
| InCopy CS (Mac) | TX0005780859 |
| InCopy CS (Win) | TX0005780858 |
| InDesign CS2 (Mac) | TX0006139165 |

| Macintosh Distiller. | TX0003893508 |
| Macintosh PDF Writer. | TX0003893509 |
| Macintosh Reader. | TX0003893511 |
| Macromedia ColdFusion MX 7 | TX0006201577 |
| Macromedia Dreamweaver MX 2004 | TX0005852659 |
| Macromedia Fireworks MX 2004 | TX0005839595 |
| Macromedia Flash Lite 2.0 | TX0006288632 |
| Macromedia Flash Media Server 2 | TX0006335779 |
| Macromedia Flash MX 2004 Pro | TX0005852657 |
| Macromedia RoboHelp HTML X5 | TX0005944534 |
| Macromedia RoboHelp X5 | TX0005944535 |
| Macromedia Shockwave for Authorware Run-time Version 3.5 [for Macintosh, Power Macintosh, Windows 3.1/95/NT] | TX0004695283 |
| Macromedia Shockwave for FreeHand 5.0 (for Macintosh, Power Macintosh, Windows 3.1/95/NT) | TX0004671697 |
| PhotoDeluxe 2.0 (Mac) | TX0004771678 |
| PhotoDeluxe 2.0 (Win) | TX0004617316 |
| Photoshop CS2 (Win) | TX0006131279 |
| Photoshop Elements 5.0 | TX0006389641 |
| Premiere 7.0 | TX0005777909 |
| Premiere Elements 3.0 | TX0006389647 |
| Premiere Pro 1.5 | TX0005931988 |
| Premiere Pro 2.0 | TX0006275628 |
| Production Studio 1.0 | TX0006277349 |
| Shockwave for Director 5.0. | TX0004700912 |
| Windows PDF Writer. | TX0003893507 |

## EXHIBIT B
## Trademark Registrations

| Trademark | Title of Work: | Rights Owner: |

| Registration No.: | | |
|---|---|---|
| 2,081,343 | "A" (SQUARE DESIGN) | Adobe Systems Incorporated |
| 1,988,710 | "A" (SQUARE DESIGN) | Adobe Systems Incorporated |
| 3,032,288 | "A" (SQUARE DESIGN) | Adobe Systems Incorporated |
| 1,901,149 | "A" ADOBE and Design | Adobe Systems Incorporated |
| 1,852,943 | "A" STYLIZED (ACROBAT DESIGN) | Adobe Systems Incorporated |
| 1,988,711 | "A" STYLIZED (ACROBAT DESIGN) | Adobe Systems Incorporated |
| 2,825,116 | 1-STEP ROBOPDF | eHelp Corporation |
| 2,704,585 | 360CODE | Adobe Systems Incorporated |
| 2,757,422 | 6-DOT CIRCLE DESIGN | Adobe Systems Incorporated |
| 2,757,423 | 6-DOT CIRCLE DESIGN | Adobe Systems Incorporated |
| 2,068,523 | ACROBAT | Adobe Systems Incorporated |
| 1,833,219 | ACROBAT | Adobe Systems Incorporated |
| 1,997,398 | ACROBAT CAPTURE | Adobe Systems Incorporated |
| 2,754,764 | ACROBAT MESSENGER | Adobe Systems Incorporated |
| 3,380,847 | ACTIONSCRIPT | Adobe Systems Incorporated |
| 2,206,045 | ACTIVEEDIT | Macromedia, Inc. |
| 2,551,513 | ACTIVESHARE | Adobe Systems Incorporated |
| 2,221,926 | ACTIVETEST | Macromedia, Inc. |
| 1,475,793 | ADOBE | Adobe Systems Incorporated |
| 1,486,895 | ADOBE | Adobe Systems Incorporated |
| 1,956,216 | ADOBE | Adobe Systems Incorporated |
| 1,988,712 | ADOBE | Adobe Systems Incorporated |
| 3,029,061 | ADOBE | Adobe Systems Incorporated |
| 2,861,671 | ADOBE AUDITION | Adobe Systems Incorporated |
| 1,855,098 | ADOBE DIMENSIONS | Adobe Systems Incorporated |
| 2,916,709 | ADOBE ENCORE | Adobe Systems Incorporated |
| 1,631,416 | ADOBE GARAMOND | Adobe Systems Incorporated |
| 1,479,408 | ADOBE ILLUSTRATOR | Adobe Systems Incorporated |
| 3,065,143 | ADOBE LIVECYCLE | Adobe Systems Incorporated |
| 1,673,308 | ADOBE ORIGINALS DESIGN | Adobe Systems Incorporated |
| 1,651,380 | ADOBE PHOTOSHOP | Adobe Systems Incorporated |
| 1,769,184 | ADOBE PREMIERE | Adobe Systems Incorporated |
| 2,722,546 | ADOBE STUDIO | Adobe Systems Incorporated |
| 2,725,810 | ADOBE STUDIO | Adobe Systems Incorporated |
| 2,725,811 | ADOBE STUDIO | Adobe Systems Incorporated |
| 1,482,233 | ADOBE SYSTEMS INCORPORATED (Stylized) | Adobe Systems Incorporated |
| 1,487,549 | ADOBE SYSTEMS INCORPORATED (Stylized) | Adobe Systems Incorporated |
| 1,605,378 | ADOBE TYPE MANAGER | Adobe Systems Incorporated |
| 1,707,807 | ADOBE WOOD TYPE | Adobe Systems Incorporated |
| 1,970,781 | AFTER EFFECTS | Adobe Systems Incorporated |
| 1,481,416 | ALDUS | Adobe Systems Incorporated |
| 1,483,149 | ALDUS AND HEAD LOGO | Adobe Systems Incorporated |
| 1,483,150 | ALDUS HEAD LOGO | Adobe Systems Incorporated |
| 1,977,310 | ALEXA | Adobe Systems Incorporated |
| 2,234,653 | ANDREAS | Adobe Systems Incorporated |
| 3,438,976 | ARNO | Adobe Systems Incorporated |
| 2,814,007 | ATMOSPHERE | Adobe Systems Incorporated |
| 1,961,762 | AUTHORWARE | Adobe Systems Incorporated |
| 2,034,149 | BALZANO | Adobe Systems Incorporated |
| 2,137,197 | BANSHEE | Adobe Systems Incorporated |

| | | |
|---|---|---|
| 2,024,607 | BENSON SCRIPTS | Adobe Systems Incorporated |
| 2,137,890 | BICKHAM SCRIPT | Adobe Systems Incorporated |
| 1,692,614 | BIRCH | Adobe Systems Incorporated |
| 1,692,613 | BLACKOAK | Adobe Systems Incorporated |
| 2,523,062 | BLUE ISLAND | Adobe Systems Incorporated |
| 3,065,084 | BREEZE | Adobe Systems Incorporated |
| 2,864,988 | BREEZE | Adobe Systems Incorporated |
| 2,799,082 | BRIOSO | Adobe Systems Incorporated |
| 3,422,754 | BUZZWORD | Adobe Systems Incorporated |
| 1,892,606 | CAFLISCH SCRIPT | Adobe Systems Incorporated |
| 2,449,593 | CALCITE | Adobe Systems Incorporated |
| 1,982,999 | CALIBAN | Adobe Systems Incorporated |
| 3,184,511 | CAPTIVATE | Adobe Systems Incorporated |
| 3,136,772 | CAPTIVATE | Adobe Systems Incorporated |
| 3,189,917 | CAPTIVATE | Adobe Systems Incorporated |
| 1,582,280 | CARTA | Adobe Systems Incorporated |
| 2,635,948 | CERTIFIED ROBOHELP INSTRUCTOR | eHelp Corporation |
| 2,089,496 | CHAPARRAL | Adobe Systems Incorporated |
| 1,629,024 | CHARLEMAGNE | Adobe Systems Incorporated |
| 1,901,215 | CLASSROOM IN A BOOK | Adobe Systems Incorporated |
| 2,637,308 | CLEARLY ADOBE IMAGING | Adobe Systems Incorporated |
| 2,557,911 | CLEARLY ADOBE IMAGING and Design | Adobe Systems Incorporated |
| 2,993,457 | CO-AUTHOR | Adobe Systems Incorporated |
| 1,971,442 | COLD FUSION | Adobe Systems Incorporated |
| 2,113,033 | CONGA BRAVA | Adobe Systems Incorporated |
| 3,143,377 | CONTRIBUTE | Adobe Systems Incorporated |
| 1,982,985 | COPAL | Adobe Systems Incorporated |
| 2,164,702 | CORIANDER | Adobe Systems Incorporated |
| 1,628,152 | COTTONWOOD | Adobe Systems Incorporated |
| 3,111,341 | CREATIVE SUITE | Adobe Systems Incorporated |
| 1,873,167 | CRITTER | Adobe Systems Incorporated |
| 2,093,645 | CRONOS | Adobe Systems Incorporated |
| 1,665,322 | CUSTOMERFIRST (Stylized) | Adobe Systems Incorporated |
| 2,468,691 | DESIGN IN MOTION | Macromedia, Inc. |
| 1,600,438 | DIRECTOR | Adobe Systems Incorporated |
| 1,525,396 | DISPLAY POSTSCRIPT | Adobe Systems Incorporated |
| 1,843,525 | DISTILLER | Adobe Systems Incorporated |
| 2,294,926 | DREAMWEAVER | Adobe Systems Incorporated |
| 3,276,189 | DV RACK | Adobe Systems Incorporated |
| 2,949,766 | ENCORE | Adobe Systems Incorporated |
| 2,151,180 | EPAPER | Adobe Systems Incorporated |
| 2,893,662 | EPAPER | Adobe Systems Incorporated |
| 2,005,020 | EX PONTO | Adobe Systems Incorporated |
| 2,043,911 | FIREWORKS | Adobe Systems Incorporated |
| 2,855,434 | FLASH | Adobe Systems Incorporated |
| 2,852,245 | FLASH | Adobe Systems Incorporated |
| 3,473,651 | FLASH LITE | Adobe Systems Incorporated |
| 2,844,051 | FLASHHELP | Adobe Systems Incorporated |
| 2,690,356 | FLASHJESTER (3rd Eye Solutions, Inc.) Cancellation | 3rd Eye Solutions, Inc. |
| 3,166,399 | FLASHPAPER | Adobe Systems Incorporated |
| 3,370,163 | FLEX | Adobe Systems Incorporated |
| 2,198,260 | FLOOD | Adobe Systems Incorporated |

| | | |
|---|---|---|
| 1,546,371 | FONT & FUNCTION | Adobe Systems Incorporated |
| 2,857,527 | FONT FOLIO | Adobe Systems Incorporated |
| 1,822,467 | FONTOGRAPHER | Adobe Systems Incorporated |
| 1,479,470 | FRAME MAKER | Adobe Systems Incorporated |
| 1,715,303 | FRAMEVIEWER | Adobe Systems Incorporated |
| 2,214,844 | FREEHAND | Adobe Systems Incorporated |
| 2,245,944 | FUSAKA | Adobe Systems Incorporated |
| 2,024,281 | GALAHAD | Adobe Systems Incorporated |
| 1,935,819 | GIDDYUP | Adobe Systems Incorporated |
| 1,935,818 | GIDDYUP THANGS | Adobe Systems Incorporated |
| 2,432,447 | GOLIVE | Adobe Systems Incorporated |
| 2,446,265 | HOMESITE | Adobe Systems Incorporated |
| 2,375,606 | HTML HELP STUDIO | Adobe Systems Incorporated |
| 2,060,488 | ILLUSTRATOR | Adobe Systems Incorporated |
| 2,317,828 | IMAGEREADY | Adobe Systems Incorporated |
| 2,238,581 | IMMI 505 | Adobe Systems Incorporated |
| 2,550,638 | INCOPY | Adobe Systems Incorporated |
| 2,439,079 | INDESIGN | Adobe Systems Incorporated |
| 2,533,054 | INSCOPE | Adobe Systems Incorporated |
| 2,473,641 | IPREDICT | eHelp Corporation |
| 1,626,882 | IRONWOOD | Adobe Systems Incorporated |
| 1,980,096 | JIMBO | Adobe Systems Incorporated |
| 1,633,039 | JUNIPER | Adobe Systems Incorporated |
| 2,157,319 | KEPLER | Adobe Systems Incorporated |
| 2,161,024 | KINESIS | Adobe Systems Incorporated |
| 2,607,473 | KOZUKA GOTHIC | Adobe Systems Incorporated |
| 2,263,701 | KOZUKA MINCHO | Adobe Systems Incorporated |
| 1,549,854 | LASERTALK (STYLIZED) | Adobe Systems Incorporated |
| 3,288,605 | LIGHTROOM | Adobe Systems Incorporated |
| 1,630,698 | LITHOS | Adobe Systems Incorporated |
| 3,065,142 | LIVECYCLE | Adobe Systems Incorporated |
| 2,691,851 | LIVEMOTION | Adobe Systems Incorporated |
| 2,424,671 | MACROMEDIA | Adobe Systems Incorporated |
| 2,650,911 | MACROMEDIA FLASH | Adobe Systems Incorporated |
| 2,520,435 | MACROMEDIA FLASH | Adobe Systems Incorporated |
| 1,733,965 | MADRONE | Adobe Systems Incorporated |
| 1,629,940 | MESQUITE | Adobe Systems Incorporated |
| 1,973,932 | MEZZ | Adobe Systems Incorporated |
| 1,798,496 | MINION | Adobe Systems Incorporated |
| 2,137,882 | MOJO | Adobe Systems Incorporated |
| 2,687,487 | MONTARA | Adobe Systems Incorporated |
| 2,672,180 | MOONGLOW | Adobe Systems Incorporated |
| 1,759,108 | MYRIAD | Adobe Systems Incorporated |
| 1,889,189 | MYTHOS | Adobe Systems Incorporated |
| 1,980,127 | NUEVA | Adobe Systems Incorporated |
| 2,130,427 | NYX | Adobe Systems Incorporated |
| 2,971,613 | O (STYLIZED) | Adobe Systems Incorporated |
| 2,584,364 | OPEN SESAME! | Allaire Corporation |
| 2,137,926 | OUCH! | Adobe Systems Incorporated |
| 3,427,904 | P (Stylized) | Adobe Systems Incorporated |
| 2,091,087 | PAGEMAKER | Adobe Systems Incorporated |
| 1,496,726 | PAGEMAKER | Adobe Systems Incorporated |
| 1,486,556 | PAGEMAKER | Adobe Systems Incorporated |

| | | |
|---|---|---|
| 2,979,463 | PDF JOBREADY | Adobe Systems Incorporated |
| 2,553,370 | PDF MERCHANT | Adobe Systems Incorporated |
| 1,984,563 | PENUMBRA | Adobe Systems Incorporated |
| 1,882,825 | PEPPERWOOD | Adobe Systems Incorporated |
| 1,503,706 | PERSUASION | Adobe Systems Incorporated |
| 2,655,175 | PHOTOMERGE | Adobe Systems Incorporated |
| 1,850,242 | PHOTOSHOP | Adobe Systems Incorporated |
| 2,920,764 | PHOTOSHOP | Adobe Systems Incorporated |
| 1,760,600 | POETICA | Adobe Systems Incorporated |
| 1,692,610 | POPLAR | Adobe Systems Incorporated |
| 2,233,952 | POSTINO | Adobe Systems Incorporated |
| 1,544,284 | POSTSCRIPT | Adobe Systems Incorporated |
| 1,463,458 | POSTSCRIPT | Adobe Systems Incorporated |
| 1,383,131 | POSTSCRIPT | Adobe Systems Incorporated |
| 2,066,675 | POSTSCRIPT LOGO | Adobe Systems Incorporated |
| 2,574,091 | PRESSREADY | Adobe Systems Incorporated |
| 1,887,832 | QUAKE | Adobe Systems Incorporated |
| 1,935,820 | RAD | Adobe Systems Incorporated |
| 2,548,832 | READER | Adobe Systems Incorporated |
| 2,204,266 | RELIQ | Adobe Systems Incorporated |
| 2,787,091 | ROBOASSIST | eHelp Corporation |
| 2,953,255 | ROBOENGINE | Adobe Systems Incorporated |
| 2,770,413 | ROBOFLASH | eHelp Corporation |
| 1,732,772 | ROBOHELP | Adobe Systems Incorporated |
| 2,498,876 | ROBOHELP | Adobe Systems Incorporated |
| 2,498,889 | ROBOHELP OFFICE | eHelp Corporation |
| 2,610,653 | ROBOINFO | Adobe Systems Incorporated |
| 2,732,494 | ROBOINSTALL | eHelp Corporation |
| 2,808,741 | ROBOLINKER | eHelp Corporation |
| 2,881,638 | ROBOPRESENTER | eHelp Corporation |
| 2,805,027 | ROBOSCREENCAPTURE | eHelp Corporation |
| 1,882,826 | ROSEWOOD | Adobe Systems Incorporated |
| 1,509,123 | ROUNDTRIP | Adobe Systems Incorporated |
| 2,817,626 | ROUNDTRIP HTML | Adobe Systems Incorporated |
| 2,993,082 | RYO | Adobe Systems Incorporated |
| 1,893,565 | SANVITO | Adobe Systems Incorporated |
| 2,893,840 | SAVA | Adobe Systems Incorporated |
| 3,410,080 | SEE WHAT'S POSSIBLE | Adobe Systems Incorporated |
| 1,901,566 | SHOCKWAVE | Adobe Systems Incorporated |
| 2,648,129 | SHOCKWAVE | Adobe Systems Incorporated |
| 2,388,945 | SHOCKWAVE | Adobe Systems Incorporated |
| 2,145,311 | SHURIKEN BOY | Adobe Systems Incorporated |
| 2,493,281 | SILENTIUM | Adobe Systems Incorporated |
| 1,985,335 | SOFTWARE VIDEO CAMERA | Adobe Systems Incorporated |
| 1,477,490 | SONATA | Adobe Systems Incorporated |
| 3,350,284 | SOUNDBOOTH | Adobe Systems Incorporated |
| 2,314,590 | STRUMPF | Adobe Systems Incorporated |
| 1,887,833 | STUDZ | Adobe Systems Incorporated |
| 1,682,713 | TEKTON | Adobe Systems Incorporated |
| 2,055,667 | TOOLBOX | Adobe Systems Incorporated |
| 1,626,877 | TRAJAN | Adobe Systems Incorporated |
| 1,518,719 | TRANSCRIPT | Adobe Systems Incorporated |
| 1,674,052 | TYPE REUNION | Adobe Systems Incorporated |

| 2,980,999 | ULTRA | Adobe Systems Incorporated |
|---|---|---|
| 2,638,231 | ULTRADEV | Macromedia, Inc. |
| 1,623,439 | UTOPIA | Adobe Systems Incorporated |
| 2,883,313 | VERSION CUE | Adobe Systems Incorporated |
| 2,983,111 | VISUAL COMMUNICATOR | Adobe Systems Incorporated |
| 1,881,212 | VIVA | Adobe Systems Incorporated |
| 2,358,623 | VOLUTA | Adobe Systems Incorporated |
| 2,454,239 | WARNOCK | Adobe Systems Incorporated |
| 2,711,779 | WATER DROP DESIGN | Adobe Systems Incorporated |
| 2,169,463 | WATERS TITLING | Adobe Systems Incorporated |
| 1,717,050 | WILLOW | Adobe Systems Incorporated |
| 2,872,489 | XMP | Adobe Systems Incorporated |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28